## KROGAN *et al.* v. KINNEY *et al.*

1. ALIENS: INHERITANCE. Non-resident aliens cannot inherit real estate under the laws of this State. (*Stemple* v. *Herminghouser*, 3 G. Greene, 408.)

2. SAME: STATUTE CONSTRUED. The "Act respecting aliens," approved March 15th, 1858 (Laws of 1858, chap. 65; Rev., 1860, §§ 2488–2493), provides for the descent of property to non-resident aliens only by will, and upon the condition that the devisee shall, subsequently to the making of the bequest, become a resident of the State.

*Appeal from Dubuque District Court.*

THURSDAY, OCTOBER 15.

THOMAS KROGAN, a native of Ireland, died intestate and without issue, in Dubuque county, Iowa, in May, 1860, seised of certain real estate described in the petition. The plaintiffs and the defendant, Margaret Kinney, formerly Margaret Krogan, were brothers and sister of the deceased; the former, at the time of the death of the said Thomas, were non-resident aliens, natives and residents of Ireland, and subjects of Great Britain; the latter, Margaret Kinney, was a citizen and resident of Dubuque county in this State. The pleadings were so framed as to raise this question: "Can the plaintiffs, who are and were at the time of the death of the intestate, non-resident foreigners, inherit his real estate in this State?"

*Griffith & Knight* for the appellant.

*Wilson, Utley & Doud* for the appellee.

LOWE, J.—At the common law, neither resident nor non-resident aliens could inherit property by descent. The modifications which the Constitution and laws of this State have made upon the common law doctrine, is, that resident aliens may do so, with a still further modification recently made by the Legislature, to the effect, that a non-resident

alien may be capable, in law, of inheriting property devised by will to him, provided he will become a resident of the State subsequent to the date of such devise. (§ 2493, Rev.)

In the case of *Stemple* v. *Herminghouser*, 3 G. Greene, 408, the law of this State, as it stood at that time, has been justly construed and expounded, which exposition is adverse to the claim of the plaintiffs in this case. In March, 1858 (see Rev., p. 421), the Legislature passed an act respecting aliens, intended, as it is believed, to more fully carry out section 22, article 1 of the Constitution, which reads as follows:

"Foreigners who are or may hereafter become residents of this State, shall enjoy the same rights in respect to the possession, enjoyment and descent of property as native born citizens."

Counsel for the appellants insist, however, that the act of the Legislature just referred to, opens the door to the non-resident foreigner, to all the rights of ownership of property by descent or otherwise, equally with the resident alien. The careful reader will observe at once that this construction of the act is inadmissible, and that it is limited by the very character of its provisions to aliens who reside in the United States and this State, that have not yet become citizens by naturalization; except, perhaps, the last section (to which we have already alluded), where a non-resident may inherit property by devise, upon the condition therein specified.

On the trial of this cause below, the Court held adversely to the right of plaintiffs to have partition with the defendant, of the property designated in the petition, upon the ground that, as non-resident foreigners, they cannot inherit real property in this State. This decision reflects the law of the case, and it is

                                        Affirmed.