## GREENHELD V. STANFORTH.

1. Alien: DESCENT. The judges of the Supreme Court being equally divided on the question as to the capacity of a non-resident alien to acquire real estate in this State, by descent, the judgment of the court below stands affirmed.

*Appeal from Lee District Court.*

FRIDAY, DECEMBER 28.

ACTION for partition. The plaintiff alleges that he is the owner of one undivided half of certain lands in Lee county (describing the same); that the defendant is the owner of the other undivided half thereof; that plaintiff and defendant acquired their respective titles to said property by descent, as the only heirs of Robert Stanforth, a naturalized citizen, deceased, intestate; that Robert Stanforth, deceased, left no wife or children, and had no blood relation in the United States at the time of his death, except the defendant, Fannie Stanforth, who is a daughter of a deceased brother; that the plaintiff is the son of a sister of Robert Stanforth; that Robert Stanforth died in Lee county, Iowa, in September, 1864; that plaintiff was an alien non-resident, at the time of said decease, but became a resident of the United States on the 10th day of February, 1865, and of the State of Iowa on the 15th day of February, 1865, and made his declaration of intention to become a citizen of the United States on the 8th day of May, 1865; that he has continued to reside in Iowa ever since he came to the State; that there are no blood relations of the said Robert Stanforth, deceased, in the United States or the State of Iowa, except plaintiff and defendant. The plaintiff asked for partition.

To this petition the defendant demurred, because it appeared therefrom that, at the time and long after the

death of Robert Stanforth, the plaintiff was an alien and a resident and citizen of a foreign country; and further, that it also appeared that the title to the whole property was in defendant. This demurrer was sustained, and plaintiff appeals.

*J. M. Beck* for the appellant.

*Jno. Van Valkenburg* for the appellee.

COLE, J.—The only question involved in this case, upon the present transcript, is as to the right or capacity of a

1. ALIEN: descent.    non-resident alien to acquire real estate in this State by descent. So far as this right or capacity depends upon the construction of the act of 1858 (Rev., §§ 2488 to 2493) the judgment of the District Court must stand affirmed, by reason of the different views of the members of this court, which may be found in *Purczell* v. *Smidt*, *ante*.

Affirmed.