## BROWN v. PEARSON ET AL.

1. **Alien:** NON-RESIDENT: CANNOT INHERIT. Under the Revision of 1860 a non-resident alien had not the capacity to inherit real estate.

*Appeal from Monroe District Court.*

MONDAY, OCTOBER 25.

PLAINTIFF alleges that in 1865 Edward Evans departed this life seized in fee simple of certain real estate described. That he was never married, and his only legal heirs were a brother and three sisters, to-wit: Mary Brown, the plaintiff, Moses Evans, Anna Woods, and Jane Pearson, the defendant. That Jane Pearson claims that upon the death of Edward Evans she

became the sole owner of said land, and that she has sold por-
tions of it to the other defendants. Plaintiff asks that her
right be confirmed to an undivided one-fourth interest in said
land.

The defendants allege for answer that Edward Evans was
born in England of English parents, and that at the time of
his death he was a resident alien. That Jane Pearson at the
time of the death of Edward Evans was an actual resident of
the state of Iowa, and had been such resident for some time,
and so continues to the present.

That Mary Brown, Moses Evans and Anna Woods at the
time of the death of Edward Evans were residents of Eng-
land, subjects of the kingdom of Great Britain; that Mary
Brown so continued until 1874, when she became a resident of
Iowa; that Moses Evans is still a subject of Great Britain, and
Anna Woods continued to be such until the time of her death.

A demurrer to the answer was overruled, and, plaintiff
electing to stand upon the demurrer, the court entered judg-
ment dismissing plaintiff's petition, and quieting the title of
defendants. Plaintiff appeals.

*Perry & Townsend*, for appellant.

*Stiles & Burton* and *Dashiell & Andrews*, for appellee.

Non-resident aliens cannot inherit real estate under the
laws of this state. (*Stemple v. Herminghauser*, 3 G. Greene,
408; *Krogan v. Kinney*, 15 Id.; *White v. Rittenmeyer*, 30
Id., 268; *Rheim v. Robbins*, 20 Id., 45.) The decisions of
the court have the effect and force of law, and purchases of
property made in good faith in the belief that they are in
accord with the law should be protected. (*Goodrell v. Jackson*,
20 John., 693.) If a contract was valid when made, a change
of judicial decision as to the constitutionality of the law in force
at the time the contract was made cannot affect its validity.
(*Gelpcke v. Dubuque*, 1 Wall., 175; *Thompson v. Lee Co.*, 3
Wall., 327.) A retrospective operation should never be given
to a statute unless the intention of the legislature to give it is

clearly expressed. (*Burke v. Barron*, 8 Iowa, 135; 1 Kent, 501, 8th ed.)

DAY, J.—This case involves a construction of Sections 2488–2493 of the Revision of 1860. These sections first came before this court for construction in *Krogan v. Kinney*, 15 Iowa, 242, and it was there held that they do not confer upon aliens, non-resident of the United States, the capacity to inherit real estate. The same question again came before this court in *Rheim v. Robbins*, 20 Iowa, 45, in which, after a careful review of the various provisions of the statute, the same conclusion was reached, and the case of *Krogan v. Kinney, supra*, was approved.

In *Purczell v. Smidt*, 21 Iowa, 540, the question was again considered, Cole, J., holding that the statute in question confers upon every alien, wherever resident, the right to acquire real estate by descent, and that *Krogan v. Kinney* and *Rheim v. Robbins* should be overruled. Dillon, J., concurred in the conclusion of the opinion of Cole, J., but was unwilling to be bound by the reasoning employed, or by the construction given the statute in detail. Lowe, Ch. J., and Wright, J., adhered to the construction of the statute as given in *Krogan v. Kinney* and *Rheim v. Robbins*. In *Greenheld v. Stanforth*, 21 Iowa, 595, the same judges were equally divided in opinion upon the same question.

The writer hereof determined the case of *Rheim v. Robbins*, when on the district bench, reaching his conclusion upon the same line of reasoning as that employed by Lowe, Ch. J., announcing the opinion of this court affirming the judgment below. He still entertains an abiding confidence in the correctness of the construction placed upon the statute in that case, and regards it as the only one which gives force and effect to all its provisions, but deems it unnecessary to repeat the argument which has already, in that case, been fully presented.

Beck, J., does not concur in the correctness of the construction of the statute adopted in *Krogan v. Kinney* and *Rheim v. Robbins*, but as it establishes a law of property, upon the

faith of which money has been expended and titles have been acquired, he considers it unjust and unwise to adopt now a different construction. Cole, J., in view of the amendment of the statute, declaring the law now to be, as by him claimed in *Purczell v. Smidt*, does not wish to dissent from the conclusions now reached.

We all concur in the opinion that the judgment should be

AFFIRMED.