WARE *v.* WISNER.

*(Circuit Court, D. Iowa, C. D. February, 1883.)*

1. WILL—REAL ESTATE—LEX REI SITÆ.
   The validity of a will conveying real estate is to be determined by the law of the place where the land lies.

2. SAME—REVOCATION—BIRTH OF HEIR.
   By the law of Iowa, a will is revoked by the birth of an heir after its execution.

3. SAME—PROBATE—EFFECT OF.
   The probate of a will, while it settles the question of due execution, does not establish validity, or determine its force and effect upon titles to real estate claimed under it.

4. ALIENS—CAPACITY TO TAKE BY DESCENT OR DEVISE.
   Under Revision Iowa 1860, § 2493, an alien non-resident could not take lands lying in the state either by descent or devise.

5. SAME—MARRIAGE TO CITIZEN.
   A non-resident alien woman who marries a citizen of the United States is capable of inheriting in Iowa, since she thereby becomes a citizen of the United States, under Rev. St. U. S. § 1994.

6. CITIZENSHIP—CHILDREN BORN OF AMERICANS IN FOREIGN COUNTRY.
   Persons born in a foreign country, of American parents, who resided there, but who never renounced their citizenship, are citizens of the United States.

This is a bill in equity, brought to quiet title to 1,288 acres of land located in Franklin county, Iowa. Said land was entered by Asahel Gage, who was a non-resident alien residing in Canada. Patents were issued to him; and he held title until his death, which occurred July 1, 1861. He left surviving him eleven children, two of whom have since died. At the time of his death, it is conceded that two of his children, John M. Gage and James D. Gage, resided in Iowa, and were citizens of the United States. It is also conceded that all the remaining children,

except two, were at the time of the death of said Asahel Gage, and still are, non-resident aliens. The two children about whom the question is made are two daughters, Sarah and Elizabeth, who married two brothers, named Cummings, whose parents are native-born citizens of the United States, who had emigrated to Canada, but who had never formally renounced their allegiance to this government. The sons were born in Canada, but never formally renounced their allegiance to this government. Both the father and the sons, however, engaged in business in Canada, and several times voted there upon their property qualifications, as provided by law. The father always refused to take the oath of allegiance to the government of Great Britain. The complainant, Ware, is the owner by purchase of all the interest of John M. and James D. Gage in the real estate in controversy. Respondent is the owner by purchase of the interest of five of the remaining heirs, including the said Sarah Cummings and Elizabeth Cummings. In 1854, Asahel Gage made a will, in which he directed the sale of a farm owned by him in Canada, and also directed that "the balance or residue of my estate, both real and personal, after being sold as before mentioned, and the money arising therefrom, together with the cash on hand, notes, bonds, etc., that shall be collected by my executors, shall be divided, as near as can be, share and share alike, to my children, that is, John, James, Asahel, Rufus, Mary Ann, Sarah, Elizabeth, Lorintha, Martha, and Keziah," etc. After the making of this will, and before the death of the said Gage, to-wit, 1859, another child, May, was born to him.

*McKenzie & Hemingway,* for complainant.
*John Porter* and *William Phillips,* for respondent.

McCRARY, Circuit Judge. My conclusions in this case are as follows: 1. The validity of the will under which the respondent claims title must be determined according to the laws of Iowa, where the land is situated. 1 Redf. Wills, p. 398; *Lynch* v. *Miller,* 54 Iowa, 516, 6 N. W. Rep. 740.

2. By the law of Iowa, as interpreted by the supreme court of the state, the will was revoked by the birth of an heir after it was executed. *McCullum* v. *McKenzie,* 26 Iowa, 510; *Negus* v. *Negus,* 46 Iowa, 487; *Fallon* v. *Chidester,* Id. 588; *Carey* v. *Baughn,* 36 Iowa, 540.

3. The probate of the will in Iowa, while it settles the question of its due execution, does not conclusively establish its validity, or determine its force and effect, when title to real estate is claimed under it. *Fallon* v. *Chidester, supra,* and authorities cited.

4. I am furthermore of the opinion (1) that the will does not cover the land in controversy, and (2) that by a fair construction of section 2493, Revision 1860, an alien non-resident could take nothing by will unless such alien, subsequently to the making of the bequest, became a resident. *Krogan* v. *Kinney,* 15 Iowa, 242.

5. It follows that as to the land in controversy there is no valid will, and the same is to be disposed of according to the Iowa law of descent.

6. It is the settled law of Iowa that non-resident aliens could not inherit under the statute in force at the time of the death of Asahel Gage. *Krogan* v. *Kinney, supra; Rheim* v. *Robbins,* 20 Iowa, 45; *Brown* v. *Pearson,* 41 Iowa, 481; *King* v. *Ware,* 53 Iowa, 97, 4 N. W. Rep. 858.

7. I find that Sarah Cummings and Elizabeth L. Cummings, daughters of said Asahel Cummings, were capable of inheriting by reason of the citizenship of their husbands, which determines their own. Rev. St. U. S. § 1994; *Kelly* v. *Owen,* 7 Wall. 496; Bish. Mar. Wom. § 505. It appears that the husbands were both born of parents who were citizens of the United States. They were therefore citizens of the United States by birth. Rev. St. U. S. § 2172. It does not appear that they ever renounced their citizenship, within the rule laid down in *Talbot* v. *Janson,* 3 Dall. 133. Neither the father nor the sons ever ceased to be citizens of the United States, within the doctrine of expatriation as laid down in that case.

8. It follows from the foregoing conclusions that the title to the land in controversy at the death of Asahel Gage vested in John M. Gage, James D. Gage, Sarah Cummings, and Elizabeth L. Cummings, each being entitled to the undivided one-fourth thereof.

9. As complainant, Ware, is the owner by purchase and conveyance of the interests of John M. and James D. Gage, he is entitled to a decree confirming and quieting his title to the undivided one-half of said land; and as the respondent, Wisner, is the owner, by purchase and conveyance, of the interest of the said Sarah Cummings and Elizabeth L. Cummings, he is entitled to a decree confirming and quieting his title to the remaining undivided one-half thereof.

10. The decree will be to quiet the title to one undivided half of the land in complainant, Ware, and to the other undivided half thereof in respondent, Wisner, and the costs will be equally divided between them.