[No. 9,526.   Department Two. — September 15, 1884.]

# IN THE MATTER OF THE ESTATE OF E. L. BIL-LINGS, DECEASED, LEWIS N. BILLINGS, APPEL-LANT, *v.* SYLVINA C. HAUVER ET AL., RESPONDENTS.

INHERITANCE — CONSTITUTIONAL LAW. — The provisions of section 17, article i., of the Constitution, do not inhibit legislation extending the right of inheritance to non-resident alien heirs.

ID. — DISTRIBUTION OF ESTATE — NON-RESIDENT ALIENS. — Under the provisions of the Codes, non-resident alien heirs are entitled to share in the estate of an intestate equally with heirs of the same degree residing in the State.

APPEAL from an order of distribution of the Superior Court of the county of Sacramento.

The facts are stated in the opinion.

*S. P. Scaniker,* and *McKune & George,* for Appellant.

*W. H. Beatty,* and *S. C. Denson,* for Respondents.

THORNTON, J. — E. L. Billings was a resident of the county of Sacramento, and died therein intestate, leaving real and personal property. The decedent left surviving him no wife, no descendants, and no father or mother. He left brothers and sisters, of whom, at the time of his death, Lewis N. Billings and Martha V. Clark were *bona fide* residents of this State, Daniel D. Billings, Nancy Victoria Martin, Elmira Tittemore, and Sylvina Hauver were residents of the Dominion of Canada, and Miranda R. Tryon, Lucinda Smith, and Elsie Irish were residents of the State of Kansas. The estate being in such condition as to allow a partial distribution, all the sisters, except Martha V. Clark, and Daniel D. Billings, petitioned for such distribution, in the view that the estate descended to all the brothers and sisters (nine in number) share and share alike. Lewis N. Billings and the assignees of Martha V. Clark appeared, and the former claimed that he and his sister Martha V. Clark were each entitled to one half of the estate of the deceased to the exclusion of the other claimants.

It appears that all the above-named brothers and sisters were natives of Canada, and as it nowhere appears that they were naturalized, they must be held to have been aliens at the time of the death of the decedent. The case was thus argued.

The court below held that each of the claimants was entitled to one ninth of the estate.    From this decree Lewis N. Billings appeals.

The contention on the part of appellant is that the estate descended, under the Constitution and law of this State, to himself and his sister Martha V. Clark, each taking one half, as they were, at the time of the death of deceased, though aliens, *bona fide* residents of the State of California; that the other claimants were aliens, who never, prior to the death of E. L. Billings, were residents of this State, and therefore took no part of his estate.

The Constitution of this State, by the seventeenth section of the first article, provides that foreigners of the white race "eligible to become citizens of the United States under the naturalization laws thereof, while *bona fide* residents of this State, shall have the same rights in respect to the acquisition, possession, enjoyment, transmission, and inheritance of property as native-born citizens.

The Civil Code contains the following provisions, which were in force when E. L. Billings died.

"Section 671. Any person, whether citizen or alien, may take, hold, or dispose of property within this State.

"Section 672. If a non-resident alien take by succession, he must appear and claim the property within five years from the time of succession, or be barred.    The property in such cases is disposed of as provided in title viii., part iii., of the Code of Civil Procedure.

"Section 1404. Resident aliens may take in all cases by succession as citizens, and no person, capable of succeeding under the provisions of this title, is precluded from such succession by reason of the alienage of any relative; but no non-resident foreigner can take by succession unless he appears and claims such succession within five years after the death of the decedent to whom he claims succession."

The word "take," used in section 671 of the Civil Code, above quoted, is broad enough to include the taking by *descent* as well as by purchase, and in our opinion is used to indicate the taking or acquisition of property in either of the modes above mentioned.    We see no reason to confine the meaning of

"take" to acquisition by purchase. This taking of property is not confined to an alien, residing in this State. Section 671 clearly extends this right to all aliens, whether resident or non-residents of this State. The section following, in our view, confirms the interpretation of section 671 given above. It speaks of a non-resident alien taking by succession, the equivalent of *descent*, as allowable by the laws of this State.

It is contended that under the section of the Constitution above quoted the whole of the estate of the deceased vested in the heirs who were residents of the State at the time of his death, to the exclusion of those who were not then residing in the State. It is true that such would have been the effect of the constitutional provision, had there been no legislation, operative at the time of the death of an intestate, extending the right of succession or inheritance to non-resident alien heirs. The Constitution did not inhibit such legislation. It was so held in *The People* v. *Rogers*, 13 Cal. 159, under the Constitution of 1849, in which was a section (§ 17, art. i.) similar, as far as this question is concerned, to the one referred to and quoted above from the present Constitution. We see no violation of the Constitution in the sections of the Civil Code above quoted, extending the right of inheritance to non-resident aliens.

The point urged on behalf of appellant, that the estate must be an escheated estate or the non-resident alien cannot take at all, is clearly untenable. A mere perusal of the sections quoted from the Civil Code, *supra*, and of the sections of the Code of Civil Procedure (§§ 1269–1272), referred to by counsel for appellant, will show this.

We find no error in the record.

Judgment affirmed.

SHARPSTEIN, J., and MYRICK, J., concurred.