ASSUESE FURENES, Appellant, v. ELLEN MICKELSON, Appellee.

Inheritance: DESCENT THROUGH NONRESIDENT ALIEN. Under the provisions of chapter 85 of Acts of the Twenty-second General Assembly, prohibiting nonresident aliens from acquiring title to real estate in this state by descent, a naturalized citizen of this state cannot inherit, through a father who is a nonresident alien, the lands of a great-uncle, who was a naturalized citizen.

*Appeal from Story District Court.* — HON. D. R. HINDMAN, Judge.

THURSDAY, OCTOBER 20, 1892.

ACTION in equity to set aside a conveyance of real estate. From an order sustaining a motion of the defendant to dismiss the action, the plaintiff appeals. *Affirmed.*

*E. H. Addison* and *W. G. Harvison*, for appellant.

*F. D. Thompson* and *D. J. Vinge*, for appellee.

ROBINSON, C. J.—On the twenty-third day of July, 1889, Thor Olsen, a naturalized citizen of Story county, died testate, leaving a widow, but no children. His

will was probated, and the consent of his widow to accept its provisions was entered in the proper court record.    The will gave to the widow a life estate in all the property, both personal and real, of the decedent, and provided that 'at her death one-half of the estate should be distributed among his heirs, and the remainder among her heirs.    It was executed about one year before his death.    A day or two before his death he and his wife executed to the defendant a deed, which purported to convey to her forty acres of land situated in Story county.    The plaintiff claims to be sole heir of one-half of the estate of the decedent, and alleges that the conveyance described was procured by force, and undue influence for the purpose of preventing the distribution of the estate as intended by the testator, and that it was executed and delivered on Sunday. The defendant filed an answer to the petition, and the cause was set down for trial on depositions.    After they had been taken, the defendant moved to dismiss the action on the ground that the evidence showed that the plaintiff was not entitled to maintain it.    The motion was sustained, and the plaintiff, electing to stand upon the record, refused to plead further.

The facts upon which the motion was based and sustained are as follows.    Thor Olsen, the decedent, was a brother of Steine Olsen, who is also deceased. Steine Olsen was the grandfather of the plaintiff, but his son, the father of the plaintiff, is living, and is, and always has been, a nonresident alien.    The plaintiff was at the time of the death of the testator, and is now, a resident of Story county.    The question presented for determination is whether the plaintiff can inherit from the decedent under the facts stated.    The district court found that he could not, on the ground that a line of inheritance cannot be traced through nonresident aliens.

The appellant concedes that under the common

law an alien cannot purchase or inherit real estate, and therefore that he cannot transmit title thereto by descent; but it is insisted that the conditions upon which that law is founded do not exist here, and that the law is contrary to the policy of·the state. Before the year 1868 the law did not permit nonresident aliens to inherit land situated in this state. *Stemple v. Herminghouser*, 3 G. Greene, 408; *Krogan v. Kinney*, 15 Iowa, 242; *Rheim v. Robbins*, 20 Iowa, 46; *Brown v. Pearson*, 41 Iowa, 481; *King v. Ware*, 53 Iowa, 100. Chapters 56 and 193 of the Acts of the Twelfth General Assembly abolished most of the distinction between citizens and nonresident aliens, so far as it related to the acquiring and transferring of property. Portions of these chapters appeared in a revised form in sections 1908, 1909, of the Code. They provided, in effect, that aliens, whether they resided in the United States or any foreign country, might acquire, hold, convey, devise, and incumber property situated within the state in like manner as a citizen of the state might do and with the same effect. This continued to be the law until chapter 85 of the Acts of the Twenty-second General Assembly took effect, on the fourth day of July, 1888. That contains the following provisions: "Section 1. Nonresidents aliens  *  *  *  are hereby prohibited from acquiring title to or taking or holding any lands or real estate in this state by descent, devise, purchase, or otherwise, only as hereinafter provided, except that the widows and heirs of aliens who have heretofore acquired lands in this state under the laws thereof may hold such lands by devise or descent for a period of ten years, and no longer.  *  *  *" Section 2 permits nonresident aliens to acquire by purchase, and hold for a limited time, real property to the extent of three hundred and twenty acres, or city property to the amount of ten thousand dollars in value, but has no application to the acquiring of title

by descent.    Other provisions of the act are designed
to protect nonresident aliens who owned land in the
state when the act took effect, and the owners of liens
upon or interests in real estate and judgments.    Sec-
tion 7 provides that the act "shall not apply to aliens
who are residents of the state of Iowa, who shall have
the same right to acquire, hold, and disposes of prop-
erty as natural-born citizens of the United States."
The act also repeals sections 1908, 1909 of the Code.

It is contended by the appellant that nonresident
aliens have no right of inheritance in this state; that
his grandfather, the brother of the testator, is dead in
fact; that his father, the son of that grandfather, being
a nonresident alien, should be treated as dead in law,
and that he should be held to inherit directly from the
testator, and not through his father and grandfather.
Chapter 85 of the Acts of the Twenty-second General
Assembly was in force when the testator died, and its
provisions so far as applicable, fix the rights of the
plaintiff.    It is clear that such provisions prevented the
father of the plaintiff from inheriting any interest in
the estate of the decedent, but it is contended that the
alienage of the father is immaterial, for the reason that
the plaintiff does not inherit mediately through him,
but immediately of the decedent.    The distinction
between mediate and immediate descents was consid-
ered in *Levy v. McCartee*, 6 Pet. 112.    It was said in
that case that the terms were susceptible of different
interpretations, and the following rules were stated:
"A descent may be said to be mediate or immediate in
regard to the mediate or immediate descent of the estate
or right, or it may be said to be mediate or immediate
in regard to the mediateness or immediateness of the
pedigree or degrees of consanguinity.    Thus a descent
from the grandfather, who dies in possession, to the
grandchild (the father being then dead), is, in the
former sense in law, an immediate descent, although

the one is collateral and the other lineal.  *  *  *  On the other hand, with reference to the line of pedigree or consanguinity, a descent is often said to be immediate where the ancestor from whom the party derives his blood is immediate, and without any intervening link or degree, and mediate when the kindred is derived from him *mediante altero*, another ancestor intervening between them.  Thus a descent in lineals from father to son is, in this sense, immediate, but a descent from grandfather to grandson (the father being dead), or from uncle to nephew (the brother being dead), is deemed mediate.'' The conclusion of the court was, in substance, that, where there is a mediate alien ancestor within the last rule given, no title can be made by descent at common law, unless it be in case of a descent from brother to brother.  The law is in effect stated to be the same in 2 Kent's Commentaries, 545.  In *McCreery v. Somerville*, 9 Wheat. 354, the right of a native-born citizen of the United States to inherit from her uncle, notwithstanding the fact that her father, a native of Ireland, had never been naturalized, and was still living, was involved, and it was said to be perfectly clear that at common law her title was invalid, ''for no person can claim lands by descent through an alien, since he has no inheritable blood.'' The case of the plaintiff must be determined according to his pedigree.  The descent from the decedent to him is not immediate, but mediate through his father.  As the latter had no inheritable blood, the plaintiff has acquired from him no right of inheritance.  If chapter 85 of the Acts of the Twenty-second General Assembly had not been enacted, the father would have inherited the interest now in controversy.  That act took from him the right of inheritance, but did not confer it upon the son.  Section 7 has no application to a case of this kind.  It gives to aliens who are residents of this state the same right to acquire, hold, and dispose of

property as natural-born citizens of the United States have, but nothing more. Such a citizen cannot inherit mediately through a nonresident alien ancestor. .

It follows that the plaintiff has failed to show any interest in the property in controversy, and he agreed to the method by which the question was presented to the district court. The order of that court dismissing the action is AFFIRMED.