CAROLINE DOEHREL V. HEINRICH HILLMER, HEINRICH PRELLBURG, AUGUST PRELLBURG, CHRISTIAN PRELLBURG, Appellees, and LOUISA SINDLINGER, HEINRICH F. HILLMER, CHRISTIAN F. HILLMER, JOHAN R. HILLMER, HERMAN F. HILLMER, AUGUST M. HILLMER, and WILHELM F. HILLMER, Appellants.

**Conflict of Laws:** TREATY AND STATUTE: *Estates of decedents.* A
1  treaty providing that aliens may inherit lands is controlling, though in conflict with laws of the state.

CONSTRUCTION OF TREATY. Under a treaty which provides, that a
3  citizen or subject of one country to whom land in the other country would descend, were it not for his alienage—a non-resident alien may inherit land in Iowa, from a citizen of Iowa, and if he die before his children they will take what would have descended to the father, though the children, too, are non-resident aliens.

"PURCHASE" DEFINED: *Construction of statute.* An alien taking land
2  in Iowa under a will takes the property by purchase, within Acts Twenty-second General Assembly, chapter 85, providing that a non-resident alien may acquire property, to a certain extent, if, within five years from the date of *purchase*, the same is placed in the actual possession of a relative of such purchaser.

*Appeal from Black Hawk District Court.*—HON. A. S. BLAIR, Judge.

FRIDAY, MAY 14, 1897.

HANNAH HALBFASS, a citizen of Iowa, died seized of certain lots in La Porte City, and one hundred and twenty acres of land near there. In her will she devised such property to Caroline Doehrel, of Erie, Pa., and Heinrich Hillmer and Wilhelmina

Prellburg, of Hanover, Germany, share and share
alike. She died February 3, 1892, and her will wax
admitted to probate March 15 of the same year, and
afterwards the title of each devisee to an undivided
one-third of the property was confirmed by a decree
of the court in an action to quiet title. Wilhelmina
Prellburg was a widow, and died December 11, 1893,
leaving, her surviving, three sons, Heinrich, August,
and Christian Prellburg, who are also residents of
Hanover. Her will, admitted to probate in Germany,
was not executed as required by the laws of this state,
and no claim is made thereunder. She also left the
following next of kin, residents and citizens of the
United States: The plaintiff and Louisa Sindlinger,
sisters of deceased, and the other appellants, who are
sons of a deceased brother. This is an action for par-
tition, and the only question involved is whether the
undivided one-third of the property which belonged
to Wilhelmina Prellburg descends to her sons in Ger-
many, or to her next of kin in this country. Decree
was entered declaring the sons entitled to the prop-
erty. The next of kin, except plaintiff, appeal.—
*Affirmed.*

*Mullan & Pickett* for appellants.

*Alford & Gates* for appellees.

LADD, J.—Under the will of Hannah Halbfass,
Wilhelmina Prellburg took an undivided one-third
interest in the real estate in controversy. She was a
resident of Hanover, Germany, and a subject of the
king of Prussia, at the time of her death, and left, her
surviving, three sons, August, Heinrich, and Christian
Prellburg, who are also residents of the same place,
and subjects of the king. They claim to have taken
this property from their mother by descent. Under

the laws of this state non-resident aliens cannot so acquire land. *Furenes v. Mickelson,* 86 Iowa, 508 (53 N. W. Rep. 416); *Burrow v. Burrow,* 98 Iowa, 400 (67 N. W. Rep. 287). They rely, however, upon a treaty concluded between the United States and the king of Prussia May 1, 1828, and ratified and proclaimed March 14, 1829. A part of article 14, only, need be quoted: "And where, on the death of any person holding real estate within the territory of the one party, such real estate would, by the law of the land, descend on a citizen or subject of the other, were he not disqualified by alienage, such citizen or subject shall be allowed a reasonable time to sell the same, and to withdraw the proceeds without molestation, and exempt from all duties of detraction on the part of the government of the respective states." The provisions of this treaty are controlling, even though in conflict with the laws of this state. *Opel v. Shoup,* 100 Iowa, 407 (69 N. W. Rep. 560); *Wilcke v. Wilcke,* 102 Iowa, 173 (71 N. W. Rep. 201).

The mother took the property by purchase, within the meaning of chapter 85 of the Acts of the Twenty-second General Assembly. *Bennett v. Hibbert,* 88 Iowa, 154 (55 N. W. Rep. 93). Section 2 of that chapter is: "Any non-resident alien may acquire and hold real property to the extent of three hundred and twenty (320) acres, or city property to the amount of $10,000 in value, providing that within five years from the date of purchase of said property, the same is placed in the actual possession of a relative of such purchaser, the occupant being related to such owner within the third degree of kindred, or the husband or wife of such relative, and further provided that such occupant become a naturalized citizen within ten years from the purchase of such property as aforesaid." Wilhelmina Prellburg, then, took the property with the conditions and

limitations imposed by the statute. The treaty allows
a reasonable time to dispose of the land, and that fixed
by this section is ample for that purpose. Her estate
in the land was that defined by Plowden as a fee
simple determinable, or by Blackstone, as a base or
qualified fee. A fee determinable will descend in the
line of succession of the purchaser, and will determine
upon the happening of the event upon which it was
first limited, into whosoever it may come. 1 Wash-
burn, Real Prop., 90. See also, *Chirac v. Chirac*, 2
Wheat. 259. This precise question is determined in
*Schultze v. Schultze* (Ill. Sup.) 36 Am. St. 432 (33 N. E.
Rep. 201), where it is said: "By the terms of the
treaty, the power to dispose of the land and appro-
priate its proceeds, is granted in positive terms. Such
a power to sell cannot be exercised unless the donee is
vested with the fee, or, in other words, the complete
ownership." *Kull v. Kull*, 37 Hun. 476. Clearly,
Wilhelmina was owner of real property, within the
meaning of the treaty.

But the appellants contend that the treaty is
intended to apply only to persons residing in this
country, so far as land in this country is concerned;
further, that the treaty contemplates but one
step of transmission. It is held in the case of
*Hauenstein v. Lynham*, 100 U. S. 483, that
"where a treaty admits of two constructions, one
restrictive of the rights that may be claimed under it,
and the other liberal, the latter is to be preferred."
The wording of the article quoted from the treaty
seems to preclude the construction contended for.
The evident purpose was to so protect the citizens and
subjects of both countries in their property interests
that alienage would not affect the right of inheritance.
The citizenship or residence of the person upon the
death of whom real estate descends is not mentioned.
The property, and not from whence it comes, is the

important consideration. "And where upon the death of any person holding real estate within the territories of one party" can only be given one intelligent construction,—that of the plain import of the language employed. By the terms of the treaty considered in *Schultze v. Schultze, supra,* relied upon by appellants, inheritance is expressly limited to the heirs and devisees of one country from subjects or citizens of the other. In *Opel v. Shoup, supra,* this court considered a treaty between the United States and the king of Bavaria, a part of the second article of which is identical with that involved in this case; and it was there held that real property inherited by a subject of the king of Bavaria from her daughter, a citizen of this country, descended to her (the mother's) heirs, who were also subjects of the king. Clearly, under the terms of the treaty with the king of Prussia, alienage does not affect the right of inheritance, when the heir or devisee is a citizen or subject of the country of the decedent, and this is not limited to one step in transmission. The district court rightly held the sons entitled to the property, and its decree must be AFFIRMED.