IN RE COLBERT'S ESTATE. KOLBOW ET AL., APPELLANTS, *v.* STATE ET AL., RESPONDENTS.

(No. 3,026.)

(Submitted November 22, 1911. Decided November 28, 1911.)

[119 Pac. 791.]

*Estates of Deceased Persons—Succession—Right to Inherit— Power of Legislature—Nonresident Aliens—Constitution— Statutes of Limitations.*

Heirship—Right to Inherit—Nonresident Aliens—Power of Legislature.
  1. The right to inherit is dependent upon the will of the legislature, except in so far as its power in this regard is restricted by constitutional provisions; hence an alien or foreigner may inherit lands or take by law only by grace of the state within the boundaries of which they are situated.

Same—Power of Legislature—Vested Rights.
  2. The legislature may, in conferring upon nonresident foreigners the right to take by inheritance, impose any condition or burden it chooses, even after the right has vested and before the subject of the inheritance has reached the hands of the heir, provided it does not deny due process of law.

Same—Nonresident Aliens—Statutes of Limitations—Constitution.
  3. Section 4835, Revised Codes, providing, *inter alia,* that a nonresident foreigner can take by succession only if he appears and claims such succession within five years after the death of the decedent to whom he claims succession, *held,* a statute of limitations, not in anywise affecting the right conferred, and not repugnant to the constitutional provision (Art. III, sec. 25) placing aliens and denizens on the same footing as citizens in granting the right to inherit.

Limitation of Actions—Nature of Statutes.
  4. Statutes of limitations are statutes of repose, which the legislature may make applicable even to vested rights, provided they accord to the citizen a reasonable time in which his right may be enforced.

Constitution—Discrimination Between Citizens and Foreigners.
  5. Section 2 of Article IV of the Constitution of the United States declaring that "the citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states," *held,* not to apply to foreigners who have never been residents of any of the states of the Union.

Same—Heirship—Statutes of Limitations—Discrimination Between Citizens and Foreigners.
  6. Since the legislature in enacting statutes of limitation may lawfully discriminate even between citizens of the different states, a nonresident foreigner may not successfully invoke the provision of section 2, Article IV, United States Constitution, in support of his contention that section 4835, Revised Codes, making his right to inherit depend upon his claiming succession within five years after the death of the decedent, is unconstitutional.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

IN THE MATTER of the settlement of the estate of Charles Colbert, deceased, in which Johann Kolbow and others residents of the German empire, sought to be declared heirs of the deceased, the state through the attorney general answered, controverting the rights of the petitioners. From a judgment dismissing the complaint of petitioners and an order denying them a new trial, they appeal. Affirmed.

*Mr. C. M. Parr,* and *Mr. Frank A. Lenz,* for Appellants, submitted a brief; *Mr. Parr* argued the cause orally.

By subdivision 25, Article III of the Constitution, aliens are put upon the same footing as citizens of this state as to the inheritance of mines and mining property. The heirs at law of the deceased intestate became vested with the constitutional right of inheritance immediately upon the death of the deceased; and this right is not based upon conditions, and legislative bodies cannot take away this right granted by the Constitution. The alien, upon inheriting mines and mining property need not make a residence within the state; he need not sell his estate; he need not take actual possession of it; his right becomes an absolute fee, and he can do with it as he will. (See *Gelsthorpe* v. *Furnell,* 20 Mont. 299, 51 Pac. 267, 39 L. R. A. 170; *Stewart* v. *Harriman,* 56 N. H. 25, 22 Am. Rep. 408; *Westervelt* v. *Gregg,* 12 N. Y. 202, 62 Am. Dec. 160; *Davis* v. *Newton,* 6 Met. (Mass.) 537.) An Act of the legislature which seeks to devest or impair vested rights of property is generally held to be unconstitutional and void. (*Bullard* v. *Smith,* 28 Mont. 387, 72 Pac. 762; 6 Am. & Eng. Ency. of Law, 2d ed., 255, and cases cited.) Statutes changing the time within which an action may be brought affects merely the remedy in which no one has a vested right. (*Bradley* v. *Norris,* 63 Minn. 156, 65 N. W. 357.)

When the rights of heirs and legatees are vested at the death of the testator, they cannot be affected by a subsequent Act of

the legislature.    (8 Cyc. 913; *Kelso* v. *Stigar*, 75 Md. 376, 24 Atl. 18; *Second Universalist Society* v. *Dugan*, 65 Md. 460, 5 Atl. 415; *Rock Hill College* v. *Jones*, 47 Md. 1; *People* v. *Ryder*, 65 Hun, 175, 19 N. Y. Supp. 977.)

*Mr. Albert J. Galen*, Attorney General, *Mr. C. F. Kelley*, and *Mr. Carl J. Christian*, for Respondent State of Montana, submitted a brief; *Mr. J. A. Poore*, Assistant Attorney General, argued the cause orally.

The claim of Johann Kolbow *et al.* is barred by the provision of section 4835 of the Revised Codes of Montana.   We contend that there is nothing in this statute, nor in any other statute, which gives the right of succession to a nonresident alien; but assuming that such statute does confer such right, and further assuming that the property of this estate consists chiefly of mining property, is the limitation contained in the provision that no nonresident foreigner can take by succession unless he appears and claims such succession within five years contrary to the constitutional right given as aforesaid? It is a well-established rule that aliens or foreigners may not inherit lands, or take by Act of law, except by the grace of the state where the land is situated.   This being so, inheritance by such persons is a privilege upon which a state which grants it may place any burdens or restrictions which it may see fit.   As illustrations of this rule, we cite the following cases: *Fairfax* v. *Hunter*, 7 Cranch (U. S.), 603, 3 L. Ed. 453; *Levy* v. *McCartee*, 6 Pet. (U. S.) 102, 8 L. Ed. 334; *Blight* v. *Rochester*, 7 Wheat. (U. S.) 535, 5 L. Ed. 516; *Fitz Simmons* v. *Fitz Simmons*, 10 Wend. (N. Y.) 9, 24 Am. Dec. 198; *Andrews* v. *Spear*, 48 Tex. 567; *Leary* v. *Leary*, 50 How. Pr. (N. Y.) 122; *Norris* v. *Hoyt*, 18 Cal. 217; *People* v. *Irvin*, 21 Wend. (N. Y.) 128; *Overing* v. *Russell*, 32 Barb. (N. Y.) 263; *Furenes* v. *Mickelson*, 86 Iowa, 508, 53 N. W. 416; *Heeney* v. *Benevolent Society*, 33 Barb. (N. Y.) 360; *Guyer* v. *Smith*, 22 Md. 239, 85 Am. Dec. 650; *Yeaker* v. *Yeaker*, 4 Met. (Ky.), 33, 81 Am. Dec. 530; *Barclay* v. *Cameron*, 25 Tex. 233; *McClenaghan* v. *McClenaghan*, 1 Strob. Eq. (S. C.) 295, 47 Am. Dec. 532, 3 Morr. Min. Rep. 222.   In

the case of *In re Watson Estate*, 31 Mont. 438, 78 Pac. 702, this court said with reference to this statute: "We do not deem the authority cited by appellant in point, nor do we see any constitutional objection to the statutes in question." (See, also, *State ex rel. Donovan* v. *District Court*, 25 Mont. 355, 65 Pac. 120.) The statute has been repeatedly held constitutional in the state of California, section 1404 of whose Civil Code is identical with section 4835, *supra*. (See *People ex rel. Attorney General* v. *Roach, Admr.*, 76 Cal. 294, 18 Pac. 407; *Estate of Billings*, 65 Cal. 594, 4 Pac. 639; *State* v. *Smith*, 70 Cal. 153, at 157, 12 Pac. 121; *In re Pendergast Estate*, 143 Cal. 135, 76 Pac. 962; *In re Leopold*, 67 Cal. 385, 7 Pac. 766.)

Complainants' position that vested rights in real property are not subject to be devested through the operation of statutes of limitations is untenable. Every statute prescribing a time after which actions for the recovery of real property may be brought does this precise thing. As to the general constitutionality of such statutes, see Wood on Limitations, sec. 11, and cases cited; *George* v. *Gardner*, 49 Ga. 441; *De Moss* v. *Newton*, 31 Ind. 219.

Statutes which hold that its terms shall not run against the plaintiff if he resides in the state, but shall if he resides out of it, are held not to violate the provisions of the federal constitution that citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states. (*Chemung Canal Bank* v. *Lowery*, 93 U. S. 72, 23 L. Ed. 806.) The same has been held repeatedly in respect to statutes barring judgments obtained in other states. (*Meek* v. *Meek*, 45 Iowa, 294.) That the statute may provide different periods of limitations as to nonresidents, see *Hawse* v. *Burgmire*, 4 Colo. 313.

*Messrs. Clayberg & Horsky*, and *Mr. M. P. Gilchrist*, submitted a brief in behalf of Respondents other than the State of Montana.

Section 4835, Revised Codes, does not affect the right of a nonresident alien to inherit property or receive the same by succession, but merely provides that he must, within five years after

the death of the decedent, seek the statutory remedy to make his rights available and effective. This clearly goes only to the remedy, and not to the right itself. Counsel may insist that in effect it destroys his vested right of succession if he does not appear and claim the same within five years. We submit that his right of succession is not destroyed, but that the statute renders such right ineffective, because he has not availed himself of the statutory remedy within the time prescribed. Statutes of limitations are not held unconstitutional on the theory that they destroy a right, but are sustained upon the theory that the legislature always has power to determine the time within which any person, whether a citizen or a nonresident, may come into our courts and take legal proceedings to enforce any right, whether vested or otherwise. A statute of limitations is in the nature of a statute of rest or repose, and is required by public policy for the purpose of ending litigation and putting titles to property at rest.

A statute of limitations never affects the right of a party, but simply the remedy provided to obtain and enjoy such right. Therefore, the question of the remedy to obtain such right is always within the powers of the legislature, both as to the method and the time of its exercise. Some remedy, of course, must exist, and the time within which it may be exercised should be reasonable, but, generally speaking, any time fixed by the legislature would be deemed *prima facie* reasonable, unless on its face it would amount to practical confiscation of property, or the absolute denial of a right. The validity of such legislation may only be attacked by the allegation of facts showing that the time allowed by the statute is unreasonable, and amounts either to a practical confiscation of property, or an absolute denial of rights, and relief against such statute can only be obtained by proof of the existence of such facts.

There is no allegation in this proceeding even tending to show that the time limited by section 4835 is unreasonable, or amounts either to a practical confiscation of property, or an absolute denial of any right, so that the question of the reasonableness

of the time provided by the statute not being attacked must stand as admitted.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Charles Colbert died intestate in Silver Bow county on February 14, 1901. He left an estate, consisting of real and personal property, of an estimated value of $45,000. Of this total $4,000 was money on deposit. The real estate is described as "about sixteen acres of land, being portions of survey Nos. 996 A. B. and C, Emery Placer, and Survey No. 1702, Otisko Lode, excepting portions of the surface, which do not belong to the estate." The estate has been in process of administration by the district court of Silver Bow county, and has not yet been closed. So far as was ascertainable at the time of his death, the deceased left no known heirs, either in the direct or collateral line, and as yet no one has established a right to the succession. On April 27, 1909, Johann Kolbow and thirty-four other persons, residents of the German empire, filed their complaint under the provisions of sections 7670 and 7671, Revised Codes, alleging that the true name of the deceased was Frederick Carl Kolbow; that they are his heirs and entitled to the succession, and praying that the court ascertain and declare their rights. The state of Montana appeared through the attorney general and answered, controverting the alleged rights of the petitioners, upon the assumption that, the intestate having died without heirs, the property belonging to his estate has escheated to the state of Montana. It is also alleged that the petitioners are and always have been foreigners residing in Germany, and that they are barred from asserting any claim of right to succeed to the estate by the provisions of section 4835, Revised Codes. Jay Cross Busch and other persons also filed an answer. They put in issue all the allegations of the complaint, and allege that the claims of plaintiffs are barred by the provisions of the statute. They then aver that they are the sole surviving heirs of the deceased, and ask that their rights as such be determined, and that the estate be distributed to them. This answer also alleges

other matters which are not now pertinent.  The plaintiffs re-
plied, joining issues on both answers.  Thereafter, on April 26,
1910, in order to avoid the expense of producing evidence, coun-
sel representing all the parties entered into a stipulation, by the
terms of which they agreed to submit to the court for decision
in advance of the trial the question, among others not now im-
portant, whether the claims of plaintiffs are barred by the pro-
visions of the statute, *supra,* each party reserving the right to
appeal from the judgment rendered on this decision.  The court
held in favor of the defendants, and rendered and entered judg-
ment dismissing the complaint.  The plaintiffs have appealed
from the judgment and an order denying their motion for a new
trial.

It is argued that the court erred in sustaining the contention
of defendants, for that the limitation prescribed by the section
of the statute *supra,* is repugnant to section 25, Article III, of
the state Constitution.  The statute declares: "Sec. 4835.  Resi-
dent aliens may take in all cases by succession as citizens; and
no person capable of succeeding under the provisions of this
title is precluded from such succession by reason of the alienage
of any relative; but no nonresident foreigner can take by succes-
sion, unless he appears and claims such succession within five
years after the death of the decedent to whom he claims succes-
sion."  The section of the Constitution is as follows: "Aliens
and denizens shall have the same right as citizens to acquire,
purchase, possess, enjoy, convey, transmit and inherit mines and
mining property, and milling, reduction, concentrating and other
works, and real property necessary for or connected with the
business of mining and treating ores and minerals: *Provided,*
that nothing herein contained shall be construed to infringe
upon the authority of the United States to provide for the sale
or disposition of its mineral and other public lands."

In their brief counsel for appellants state their position as
follows: "Aliens are put upon the same footing as citizens of
this state as to the inheritance of mines and mining property.
The heirs at law of the deceased intestate became vested with
the constitutional right of inheritance immediately upon the

death of the deceased, and this right is not based upon conditions, and legislative bodies cannot take away this right granted by the Constitution. The alien upon inheriting mines and mining property need not make a residence within the state; he need not sell his estate; he need not take actual possession of it; his right becomes an absolute fee; and he can do with it as he will.'' They then proceed to argue that, since the right to take the inheritance vests at once upon the death of the intestate, the legislature in enacting section 4835, *supra,* has in effect destroyed the right, or has imposed a condition which is prohibited by the provision of the Constitution.

That the right of the heir to take vests at once upon the death of the intestate cannot be doubted. This we believe is the rule everywhere. It has been expressly recognized by the legislature; but the property, the subject of the inheritance, in whatever form it may be, goes into the control of the district court and the possession of the administrator for the purposes of administration. (Rev. Codes, sec. 4819.) It becomes the duty of the administrator to take possession as soon as he is appointed, and to make and return to the court an inventory and appraisement of all property which comes into his hands. (Section 7493.) The purpose of these provisions and others found in the Codes touching the administration and distribution of estates is to have judicially determined and discharged the claims of creditors, to which are postponed all other claims, and then to have ascertained those who are entitled to the residue of the estate, if any, and secure distribution to them.

The right to inherit, resting as it does in public policy, is dependent entirely upon the will of the legislature, except in so far [1] as its power is restricted by constitutional provisions. Therefore no one has the natural right to be the future heir of a living person. (14 Cyc. 25.) So an alien or foreigner may not inherit lands or take by law, except by grace of the state where the land is situated. (*Blight's Lessee* v. *Rochester,* 7 Wheat. 535, 5 L. Ed. 516; *Orr* v. *Hodgson,* 4 Wheat. 453, 4 L. Ed. 613; *Jackson* v. *Fitz Simmons,* 10 Wend. (N. Y.) 9, 24 Am. Dec. 198; *Norris* v. *Hoyt,* 18 Cal. 217; *McClenaghan* v. *McClen-·*

*aghan,* 1 Strob. Eq. (S. C.) 295, 47 Am. Dec. 532; *Yeaker's Heirs* v. *Yeaker's Heirs,* 4 Met. (Ky.) 30, 81 Am. Dec. 530; *Furenes* v. *Mickelson,* 86 Iowa, 508, 53 N. W. 416; *King* v. *Ware,* 53 Iowa, 97, 4 N. W. 858; *Andrews* v. *Spear,* 48 Tex. 567.) The legislature may, therefore, in conferring the right upon non-resident foreigners, which it has done by conferring the right [2] upon citizens to take by inheritance, impose any condition or burden it pleases, even after the right has vested and before the subject of the inheritance has actually reached the hands of the heir, so long as it does not deny due process of law. (*Gelsthorpe* v. *Furnell,* 20 Mont. 299, 51 Pac. 267, 39 L. R. A. 170.)

The provision of the Constitution, *supra,* goes no further than to put aliens and denizens on the same footing as citizens in granting the right to inherit. In other words, since citizens have the right, aliens and denizens also have it. The provision is not a limitation upon the power of the legislature to impose upon it the condition prescribed in section 4835 of the statute, *supra,* or any other condition which it may deem necessary to prescribe in order that estates may be properly administered and [3] distributed. This provision is a statute of limitations which does not affect in any way the right conferred. It deals with the remedy only, and, being remedial in its nature, is not in any wise repugnant to the provision of the Constitution.

The Constitution of California contains a provision granting to foreigners of the white race eligible to become citizens of the United States under the naturalization laws the same right to inherit as native-born citizens possess. Section 672 of the Civil Code provides: "If the nonresident alien takes by succession he must appear and claim the property within five years from the time of succession or be barred." In considering these provisions, the supreme court of that state, in *Estate of Billings,* 65 Cal. 593, 4 Pac. 639, said: "It is contended that under the section of the Constitution above quoted [Const., Art. I, sec. 17] the whole of the estate of the deceased vested in the heirs who were residents of the state at the time of his death, to the exclusion of those who were not then residing in the state. It is true that such would have been the effect of the constitutional

provision had there been no legislation, operative at the time of the death of the intestate, extending the right of succession or inheritance to nonresident alien heirs. The Constitution did not inhibit such legislation. It was so held in *State* v. *Rogers,* 13 Cal. 160, under the Constitution of 1849, in which was a section (sec. 17, Art. I) similar, as far as this question is concerned, to the one referred to and quoted above from the present Constitution. We see no violation of the Constitution in the sections of the Civil Code above quoted, extending the right of inheritance to nonresident aliens.''

Statutes of limitations are statutes of repose. Their object is to suppress fraudulent and stale claims which it is sought to [4] enforce after the lapse of time, during which witnesses have died or removed and the evidence touching the transaction has faded from memory or has been destroyed. That it is within the power of the legislature to enact them cannot now be questioned, and they are in all cases to which they apply honorable and legitimate defenses. (*Anaconda Min. Co.* v. *Saile,* 16 Mont. 8, 50 Am. St. Rep. 472, 39 Pac. 909; 1 Wood on Limitations, sec. 4.) The legislature may make them applicable even to vested rights, provided only it accords to the citizen a reasonable time in which his right may be enforced. (1 Wood on Limitations, sec. 12; *Guiterman* v. *Wishon,* 21 Mont. 456, 54 Pac. 566; *De Moss* v. *Newton,* 31 Ind. 219.)

But it is said that the statute discriminates between resident foreigners and citizens, and is therefore class legislation. By this we understand that counsel mean that it is repugnant to section 2 of Article IV of the Constitution of the United States, [5] which provides that ''the citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states.'' This contention is without merit. Assuming that it may be invoked by foreigners residing in other states of the Union, it has no reference to foreigners who have never been residents of any one of the states.

Furthermore, the legislature in the enactment of such statutes [6] may lawfully discriminate between citizens of the different states. Such a discrimination is made by section 6458 of the

Revised Codes, which provides that, when a cause of action accrues against a person who is at that time a nonresident of the state, the action to enforce it may be commenced against him within the term provided by the section applicable to that character of case, after he returns to the state, and that if, after the cause of action accrues, he departs from the state, the time of his absence is not to be computed as a part of the time limited for the commencement of the action. Similar provisions are found in the statutes of other states, yet they are held not repugnant to this provision. (*Chemung Canal Bank* v. *Lowery,* 93 U. S. 72, 23 L. Ed. 806; *Meek* v. *Meek,* 45 Iowa, 294; *Hawse* v. *Burgmire,* 4 Colo. 313.)

The judgment and order are affirmed.

*Affirmed.*

Mr. Justice Smith and Mr. Justice Holloway concur.