STATE OF MONTANA ex rel. GERALD E. BALDWIN, Relator v. The FOURTEENTH JUDICIAL DISTRICT of the State of Montana, and the HONORABLE NAT ALLEN, Judge thereof, Respondents.

No. 10584

Submitted April 19, 1963. Decided May 14, 1963.

381 P.2d 473.

Robert L. Kelleher (argued orally), Billings, for appellant.

Roy V. Morledge, Jr. (argued orally), Billings, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an original proceeding. Relator made application to this court for an appropriate writ to compel the respondent district court to enter an order dismissing a civil action.

It appears that on May 23, 1958, a complaint seeking damages for injuries and a death arising from an automobile wreck which occurred on December 17, 1956, was filed by an administrator in the respondent court. Summons was issued on the same day. On December 20, 1962, the summons was served on the relator, the defendant in such action. On January 4, 1963, relator filed what is entitled a Motion to Quash wherein he moved the court to dismiss the action with prejudice because the court had no jurisdiction over the person of the defendant, because of insufficiency of service of process, and because of insufficiency of process. Following submission upon oral argument and briefs, the respondent court on February 15, 1963, overruled and denied the motion.

Following an ex parte presentation here, an order to show cause was issued and upon the return day counsel for the plaintiff in the civil action in question appeared and filed a memorandum of authorities in opposition to the issuance of any writ, attached to which is a copy of a motion to dismiss filed by relator on February 18, 1963, plaintiff's memorandum in opposition to defendant's motion to dismiss and a copy of an affidavit of the plaintiff administrator, all of which had been filed in the district court action. No return or appearance was made by or on behalf of the respondent court.

The sole question presented is whether or not the district court erred in denying the motion.

Section 93-4705, R.C.M.1947, so far as pertinent here, provided:

"An action may be dismissed or a judgment of nonsuit entered in the following cases: * * *

"7. No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not unless summons shall have been issued within one year, and served and return made within three years after the commencement of said action, or unless appearance has been made by the defendant or defendants therein within said three years. * * *"

This statute was in effect at the time complaint was filed and summons issued on May 23, 1958. By its terms the action here involved could not be further prosecuted or further proceedings had therein unless the summons had been served and return made within three years following May 23, 1958, which would be on or before May 23, 1961, and all such actions shall be dismissed by the court on its own motion, or on the motion of any party interested therein after that date.

The purpose of this statute is to place a limitation upon the time in which summons must be served and failure to serve summons within such period of time ends the litigation pleaded in such complaint since the case cannot be further prosecuted nor can any further proceedings be had therein. Thus, for all purposes the action was at an end on May 23, 1961.

Effective January 1, 1962, section 93-4705, R.C.M. 1947, supra, was repealed and counsel for the administrator contends that therefore it has no force or effect upon this case. No authority is cited for this contention. Since the section was in effect a limitation, the repeal thereof does not impair a bar perfected before the repeal. This court dealt with

a situation somewhat similar in Peterson v. Livestock Commission, 120 Mont. 140, 181 P.2d 152, where an amended statute was under consideration and it was there held that in determining the question the law in effect when the action was taken must be applied.

Mr. Chief Justice Brantly in In re Colbert's Estate, 44 Mont. 259, 119 P. 791, referred to statutes of limitations as statutes of repose and stated that their object was to suppress fraudulent and stale claims which it is sought to enforce after a lapse of time, during which witnesses have died or removed and the evidence touching the transaction has faded from memory or has been destroyed.

In Gillette v. Hibbard, 3 Mont. 412, it was held that the effect of a new statute of limitations was to give a new lease on life to a cause of action included therein, *whose period of limitation had not already expired.*

In Van Tighem v. Linnane, 136 Mont. 547, 349 P.2d 569, this court held that where a statute providing that in any action instituted to recover any license or tax paid under protest the action shall be commenced and summons served within sixty days after the payment, required that service of the summons be made within that period and that the district court was correct in sustaining a motion to quash a service made more than sixty days after the payment.

The same reasoning applies here in connection with section 93-4705, supra.

 Counsel for the administrator further urges that the filing of the motion to dismiss after the denial by the court of the motion to quash constituted a waiver and a voluntary submission to the jurisdiction of the court. We cannot agree with this contention. The motion to quash should have been granted by the court, there was no appeal from such denial and in order to protect his position while seeking relief in this court by an original proceeding it was incumbent upon

68

the relator-defendant to protect his interest in the district court action.

The affidavit filed by the plaintiff administrator in the district court indicates changes of counsel and apparent lack of diligence in effecting the service by counsel. These matters are unfortunate, particularly here where the statute of limitations has run against the claim for relief, but there are two sides in all litigation. Here the wreck occurred December 17, 1956. On December 20, 1962, the defendant was served with process calling upon him to defend an action for damages which had occurred six years and three days previously. Such delay in prosecution should not be tolerated, and is not under our law. Whether or not actions of counsel selected by the plaintiff-administrator can be excused or condoned is not before us in this proceeding.

By reason of what has been heretofore stated, the respondent court was in error in not sustaining the motion to quash and entering a dismissal of the action.

Let a writ issue to the respondent court directing it to vacate and set aside its order overruling and denying the motion, and to enter an order granting the motion and dismissing the action.

It is so ordered.

MR. JUSTICES CASTLES, JOHN CONWAY HARRISON, ADAIR and DOYLE, concur.