No. 46,388

In the Matter of the Estate of Minnie Noel, Deceased. FELICIA NOEL BRADY, *Appellant,* v. JAKE NOEL, *a/k/a* JAKE P. NOEL and MABEL NOONE, *Appellees.*

(499 P. 2d 1072)

Opinion filed July 19, 1972.

*William H. Stowell* and *Doris Dixon Stowell,* of Phillipsburg, were on the brief for the appellant.

*W. C. Sullivan,* of Phillipsburg, was on the brief for the appellees.

*Per Curiam:* The only question involved on this appeal is the construction of paragraph six of the will of Minnie Noel, deceased. Minnie Noel was the wife of John Noel, Jr. At his death all of his property passed to Minnie as his sole heir. John Noel, Jr. was one of the devisees of the will of his father, John Noel, Sr. who died testate. Minnie Noel died testate on November 12, 1968, and her will was admitted to probate. Paragraph six of her will provided as follows:

"I, give, devise and bequeath any and all interest I may have in and to the Estate of John Noel Sr., whose death occurred October 28, 1940 and whose Estate was probated in the Probate Court of Phillips County, Kansas to the living immediate members of the John Noel Sr., family at the time of my death, share and share alike."

At the time Minnie's estate came on for final settlement an answer was filed by the appellant, Felicia Noel Brady. She claimed that she was a living immediate member of the John Noel, Sr. family and that she was entitled to share as a member of that class in the benefits provided by paragraph six of Minnie Noel's will. Felicia Noel Brady is the only child of George Noel who died in 1915. George Noel was the son of John Noel, Sr. The sole question for determination before the district court and this court is whether or not Felicia Noel Brady, as a granddaughter of John Noel, Sr., is included within the class consisting of "the living immediate members of the John Noel, Sr. family" at the time of the death of Minnie Noel.

The district court interpreted paragraph six of Minnie's will and held that "the living immediate members of the John Noel, Sr.

family" at the time of the death of the testatrix, Minnie Noel, included only the *children* of John Noel, Sr. living at the time of the death of Minnie Noel and did not include Felicia Noel Brady or any other *grandchildren* of John Noel, Sr.

We have been cited no Kansas cases exactly in point; those that do discuss the terms "immediate", "family" or other related words do so in a different context and are not helpful. We must, therefore, turn to other authorities.

Black's Law Dictionary (4th Ed. 1968) defines the word "immediate" to be:

". . . next in line or relation; directly connected; not secondary or remote." (p. 884.)

(*Bunner v. Patti*, 343 Mo. 274, 121 S. W. 2d 153, 155.) In the same legal dictionary the term "descent" when used in connection with the word "immediate" is defined as follows:

". . . with reference to the line of pedigree or consanguinity, a descent is often said to be immediate, when the ancestor from whom the party derives his blood is immediate, and without any intervening link or degrees; and mediate, when the kindred is derived from his *mediante altero*, another ancestor intervening between them." (p. 531.)

(*Furenes v. Mickelson*, 86 Iowa 508, 53 N. W. 416.)

The term "family" is defined as follows:

"In most common use, the word implies father, mother, and children, immediate blood relatives." (p. 728.)

(*Collins v. Northwest Casualty Co.*, 180 Wash. 347, 39 P. 2d 986, 989; *State ex rel. Kemp v. Arnold et al.*, 234 Mo. App. 154, 113 S. W. 2d 143, 146; *Franklin Fire Ins. Co. v. Shadid*, 68 S. W. 2d 1030, 1032 [Tex. Com. App.].) Similar definitions restricting the term immediate family to include only parents, wife, children, brothers and sisters and not grandchildren may be found in Ballentine's Law Dictionary (1948 Ed.) Other authorities to the same effect are *Higgins v. Safe D. & T. Co.*, 127 Md. 171, 96 A. 322 and *White v. White*, (1963 Ky.) 365 S. W. 2d 732. Appellant cites no authorities on the subject to the contrary.

We find no error in the ruling of the court below in its holding that the appellant, Felicia Noel Brady, was not within the class designated as "the living immediate members of the John Noel, Sr. family" at the time of the death of the testatrix, Minnie Noel.

The judgment is affirmed.