Gillette, respondent, *v.* Hibbard et al., appellants.

STATUTE OF LIMITATIONS — *effect on causes of action existing at the time of its passage — effect on the remedy.* When a cause of action has arisen under a given limitation act the same becomes a rule of property. Limitation acts cannot have a retrospective action, else they would interfere with vested

rights of property. If before the expiration of the period of limitation existing when a cause of action arose, a new statute is enacted providing a different period, the effect thereof, when there are no express words to the contrary, is to give a new lease of life to such cause of action for the period provided in the new act, and not till the expiration of such period can the new act be pleaded in bar.

INTEREST. Interest on a note after due must be computed at the statutory rate of ten per cent per annum, unless the note contains a special provision that the higher rate shall be paid after or before due.

SUFFICIENCY OF COMPLAINT. If the complaint does not support the judgment, the objection can be made for the first time in the supreme court. *Territory ex rel. Blake* v. *Virginia Road Co.*, 2 Mon. 96, quoted and affirmed.

### *Appeal from First District, Gallatin County.*

THE suit in this case was begun before the expiration of the period of limitation provided by the statute in force at the time the cause of action arose, but after a new Statute of Limitations had gone into effect providing a shorter period of limitation. The case turned upon the application of the new statute.

The case was tried by BLAKE, J.

SANDERS & CULLEN and SHOBER & LOWRY, for appellants.

The notes were barred by the Statute of Limitations in force at the time suit begun. Code of Civ. Proc., 1877, ch. 3, § 41 ; *Pierce* v. *Toby*, 5 Metc. 168; *Patterson* v. *Gaines*, 6 How. (U. S.) 550 ; *Webster* v. *Cooper*, 14 id. 488 ; *Pierce* v. *Patten*, 7 B. Monr. 172 ; *Prichard* v. *Spencer*, 2 Ind. 486; *De Cordova* v. *Galveston*, 4 Tex. 470 ; *Willard* v. *Hiney*, 24 N. H. 344 ; *Phorrs* v. *Walters*, 6 Iowa, 380 ; *Howell* v. *Howell*, 15 Wis. 55 ; *Smith* v. *Briggs*, 6 R. I. 557 ; *Callaway* v. *Nally*, 31 Mo. 393 ; *Bresley* v. *Spencer*, 25 Ill. 216 ; *Stone* v. *Bennett*, 13 Minn. 153 ; *Coady* v. *Reins*, 1 Mon. 424 ; Sedgwick on Stat. and Const. Law, 134–5, 221–3 ; Angell on Lim. 16–19 ; Code of Civ. Proc., 1877, §§ 28–612.

Courts have no power to enlarge the time within which the statute requires an act must be done. Sedgwick on Stat. and Const. Law, 322–3, 659.

The complaint does not sustain the judgment. There was an erroneous computation of interest. *Davis* v. *Hendrie*, 1 Mon. 499 ; *Brewster* v. *Wakefield*, 22 How. (U. S.) 118 ; *Talcott* v. *Maston*, 3 Minn. 344.

. SAM. WORD, for respondent.

Under the construction of law urged by appellants the plaintiff would be deprived of his legal right of remedy. In that view the act would be unconstitutional. 10 Cal. 374; 6 id. 430; 27 Mo. 442; *Thompson* v. *Alexander*, 11 Ill. 54; *Watkins* v. *Haight*, 18 Johns. 138; *Sayer* v. *Wisner*, 8 Wend. 661; Code of Civ. Proc., 1877, §§ 28, 41.

In absence of express provisions no statute will be allowed to have a retrospective effect. *Murray* v. *Gibson*, 15 How. (U. S.) 421; Code of Civ. Proc., 1877, § 28.

Where a law reducing existing limitation takes effect before a claim is barred, its operation is prospective entirely. The new statute commences to run, as regards said claim, at the time the latter is subjected to its action. *People* v. *Lord*, 12 Hun, 282; 10 Cal. 305, 374; 6 id. 430; *Sohn* v. *Waterson*, 17 Wall. 596; *Lewis* v. *Lewis*, 7 How. 778; 13 Peters, 62; 8 Wend. 661; 2 Denio, 582.

If complaint is defective defendants waived the same by not having it made specific by motion. Pomeroy's Remedies, § 549.

The complaint states a good cause of action, and its defects were cured by verdict. This court will presume that there was enough before the court below to authorize the verdict. *Frohner* v. *Rodgers*, 2 Mon. 183; *Fabian* v. *Collins*, ante, p. 215; *Russell* v. *Mixer*, 42 Cal. 475; *Mills* v. *Barney*, 22 id. 251; Pomeroy's Remedies, §§ 548-50.

There was no motion for a new trial, and the objection cannot be made in this court for the first time. *Morse* v. *Swan*, 2 Mon. 306; *Allport* v. *Kelley*, id. 343.

WADE, C. J. This is an action upon two certain promissory notes executed by the defendants to King and Gillette, each for the sum of $172 75, bearing date March 25, 1868, and payable in sixty and ninety days from date, with interest at the rate of three and one-half per cent per month. On the 23d day of April, 1868, the defendants paid $82.50 on the thirty-day note, and afterward both notes were sold and delivered to the plaintiff. There was a demurrer to the complaint, which was overruled, and

thereafter the defendants answered, admitting the execution of the notes, but averring that the action was barred by the Statute of Limitations. The court found that the action was not barred by the statute, and this decision is one of the errors complained of.

1. The limitation act in force when the notes were executed and became due required an action thereon to be commenced within the period of ten years from the time when the cause of action arose. On the 16th day of February, 1877, and one year and nine days before an action on the notes would have become barred by the statute in force when they were executed, the legislature repealed such statute, and enacted the following limitation act, which went into effect on the first day of the following August: "An action upon any contract, obligation or liability, founded upon an instrument in writing, shall be commenced within six years."

It is not necessary to cite authorities to show that limitation acts affect the remedy, and not the right. And we also believe it equally capable of demonstration, that when a cause of action has arisen under a given limitation act, such act thereby becomes a rule of property, and that the right to commence such action within the period of limitation cannot be restricted or taken away without impairing vested rights; that is to say, that limitation acts cannot have a retrospective action. They must speak and operate on the future only.

We have adopted the Practice and Limitation Acts of California. The decisions of the supreme court of that State under these acts ought, therefore, to be precedents here. Early in the judicial history of that State, in the case of *Nelson* v. *Nelson*, 6 Cal. 430, the court say: " Statutes of Limitation do not act retrospectively, they do not begin to run until they are passed, and our statute is not yet as old as the time which it fixes to bar a claim like this." Therefore, that Statutes of Limitation could not be pleaded until the period fixed by them had fully run since their passage. See, also, to the same effect, *Billings* v. *Hall*, 7 Cal. 1 ; *Lehmaier et al.* v. *King*, 10 id. 373.

But if these decisions in California are not authoritative, those of the supreme court of the United States, to which court appeals

from this court are directly taken, it will not be disputed, are controlling and must be followed by us when applicable and in point. The authority of the case of *Sohn* v. *Waterson*, 17 Wall. 596, if applicable to the one we are considering, cannot be avoided or denied. In that case, Sohn, a citizen of Ohio, in 1864 obtained a judgment in that State against Waterson. Soon after this Waterson went to Kansas, and from 1854 became and remained a citizen of that State. On the 10th day of February, 1859, the legislature of Kansas enacted a Limitation Act which provided that all actions on judgments, promissory notes, etc., rendered or made beyond the limits of the Territory shall be commenced within two years next after the cause or right of action shall have accrued, and not after. In 1870 Sohn, being still a citizen of Ohio, and Waterson a citizen of Kansas, commenced an action in the circuit court for the district of Kansas against Waterson, to recover the amount of the judgment which he had obtained against him in Ohio in 1854.

The defendant pleaded the above quoted statute of Kansas, namely: That the action did not accrue within two years next before the commencement of the suit. There was a demurrer to the plea, and a judgment for the defendant on the demurrer.

In deciding the case, the court below said: "As the defendant was a resident of this State when the act of February 10th, 1859, took effect, it is our opinion that the two years limitation therein provided began to run in favor of the defendant as against the present cause of action from that period, and that this action might have been brought at any time within two years after that act went into operation. Not having been brought within that period, it was barred." Justice BRADLEY, in reviewing the case and speaking for the entire court, says: "The court below held that as the defendant was a resident of Kansas when the act took effect, the time of limitation began to run in his favor as against the present cause of action from that period, and that the action might have been brought at any time within two years afterward; and not having been so brought within that period, was barred. In other words, the court held that the act was prospective in its operation, and affected existing causes of action only from the

time of its passage. This seems to us a reasonable construction and one that prevents the legislative intent from being frustrated.

' Words of a statute,' says Justice PATERSON, ' ought not to have a retrospective operation, unless they are so clear, strong and imperative, that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied.' *United States* v. *Heth,* 3 Cranch, 413. And this rule is repeated in this court in *Harvey* v. *Tyler,* 2 Wall. 347, where it is said: 'It is a rule of construction that all statutes are to be considered prospective unless the language is express to the contrary, or there is a necessary implication to that effect.' " In giving limitation acts a prospective operation, the same authority further says that three different modes have been adopted by different courts: " One is to make the statute apply only to causes of actions arising after its passage. But as this construction leaves all actions existing at the passage of the act without any limitation at all (which it is presumed could not have been intended), another rule adopted is, to construe the statute as applying to such existing actions only as have already run out a portion of the statutory time, but which still have a reasonable time left for prosecution before the statutory time expires — which reasonable time is to be estimated by the court — leaving all other actions accruing prior to the statute unaffected. The latter rule does not seem to be founded on any better principle than the former. It still leaves a large class of actions entirely unprovided with any limitation whatever, or as to them is unconstitutional, and is a more arbitrary rule than the first. A third construction is that which was adopted by the court below in this case, and which we regard as much more sound than either of the others. * * * ' The question is,' says Chief Justice TANEY, in *Lewis* v. *Lewis,* 7 How. 778, ' from what time is this limitation to be calculated? Upon principle, it would seem to be clear, that it must commence when the cause of action is first subjected to the operation of the statute, unless the legislature has otherwise provided.' "

From this decision and those cited therein, we hold it conclu-

sively determined that limitation acts, in order to preserve the rights of parties, in whose favor causes of action exist at the time of their passage, must be taken to act prospectively and not retrospectively, and as to such causes of action, the statute commences to run when the cause of action is first subjected to its operation. This certainly is the case unless the act, by express language, or necessary implication, provides to the contrary. When there is no such provision, the limitation act takes hold of causes of action existing at the time of its passage, and gives to them a new lease of life for the period provided in the act, and not until the expiration of such period can such act be pleaded as a bar.

It cannot be supposed that our legislature, by the passage of the act of February 16, 1877, which was to take effect on the first day of the following August, intended thereby to cut off all right of action upon causes of action that had accrued more than six years prior to the last-named date, for such an intention, if carried into effect, would impair the obligation of contracts. Neither can it be supposed that the intention was to leave all actions accruing six years prior to that date without any limitation whatever, for such intention, if carried out, would be equally unconstitutional. What, then, was the intention? Evidently to give to the act of February 16, 1877, operation as to all causes of action thereafter to arise, and as to all causes of action existing at the time of its passage, to add its period of limitation to them, thereby preventing them from becoming barred until such period had expired. That is to say, the new statute commences to run from the time the existing cause of action is first subjected to its operation, the same as if the cause of action had arisen under such statute, and not until the period of such statute has fully expired, could the same be pleaded in bar to a cause of action existing at the time of its passage.

Neither can it be supposed that the legislature intended by postponing for five or six months the time when the act of February 16, 1877, should go into effect, to require all existing causes of action to be prosecuted within that period of delay, or be thereafter barred. There is no language in the act to express or

to intimate any such intention, and no presumption of the kind arises.

This action was commenced on the 7th day of December, 1877, three months and eighteen days before the same would have become barred by the ten-year limitation in force at the time the cause of action arose. Neither was it barred by the act of February 16, 1877, for the period of its limitation (six years) had not expired and therefore that act could not be pleaded in bar.

From these considerations it follows that on the 16th day of February, 1877, the plaintiff's cause of action, which would have become barred on the 25th day of March, 1878, received a n w lease of life, for the period provided in the limitation act of that year. This is the rule of safety and of honesty. And though statutes of limitation are regarded as statutes of repose, they ought never to be so construed as to blot an existing cause of action out of existence until the full period of limitation, acting upon it has expired.

2. There was an exception to the findings and to the judgment rendered herein. Looking at the amount of the judgment it is evident that there has been a wrong computation of interest on the notes, or some other mistake, whereby the judgment rendered is much too large. The complaint does not support the judgment, and in such cases, objection may be made for the first time in this court. *Territory ex rel. Blake* v. *Virginia City Wagon Road Co.,* 2 Mon. 96.

The judgment is therefore reversed and remanded for the purpose of having a judgment rendered for the plaintiff for the amount legally due upon the notes sued on.

*Judgment modified.*