[No. 6,215.—In Bank.]

# HIBERNIA SAVINGS AND LOAN SOCIETY v. WILLIAM HAYES.

ESTATES OF DECEASED PERSONS—FORECLOSURE OF MORTGAGE—PRESENTATION OF CLAIM—CONSTRUCTION OF STATUTE.—The amendments of 1874 to §§ 1493 and 1500 of the Code of Civil Procedure, repealing the provision authorizing suits upon mortgages to be maintained against the property of the estate of a deceased person subject thereto, without presentation of the claim to the administrator or executor, are not retroactive, and do not give to a notice to creditors previously published, any effect which it did not have under the law under which it was published; and therefore *held*, where a notice to creditors had been published before the amendment, that a mortgage of the deceased falling due after the amendment was not barred by a failure to present the claim to the administrator.

ID. — ID. — ID. — ID. — ID. — SHARPSTEIN, J., and McKEE, J., dissenting. The right to a particular remedy is not a vested right, but depends upon the continuance of the law which creates it; and if the law be repealed, the right no longer exists, unless it has been expressly reserved by the repealing statute, or has been perfected by steps taken under the law while it existed. The repeal of the provision in § 1500 of the Code of Civil Procedure, which gives a remedy by action of foreclosure, took away that remedy, and left to the mortgagee only the remedy by presentation of the claim.

APPEAL from a judgment in favor of the plaintiff, in the Fourth District Court, City and County of San Francisco. MORRISON, J.

*George R. B. Hayes*, for Appellant.

No claim having been presented on the note and mortgage sued upon within one month after it became due, it was barred forever. (Code of Civil Procedure, §§ 1493, 1500.) The provisions under consideration constitute a Statute of Limitations, and affect only a remedy. (*Sichel* v. *Carrillo*, 42 Cal. 498, 499.) Statutes affecting only the remedy do not become practically operative until the time arrives for the ascertainment and application of the remedy. Then, and not till then, the right accrues. The law as then exists furnishes the rule for all that concerns the remedy. (*Tuolumne Co.* v. *Sedgwick*, 15 Cal. 522, 523; *McMinn* v. *Bliss*, 31 Cal. 122; *Butler* v. *Palmer*, 1 Hill, 324; *Supervisors* v. *Briggs*, 3 Denio, 173; *Southwick* v. *Southwick*, 49 N. Y. 517; *Rich* v. *Flanders*, 39 N. H. 322.) The Statute of Limitations, which is to control, is that which is

in force *at the time* and place *when* and where the remedy is brought.   (*Gilman* v. *Cutts*, 23 N. H. 381.)

*Tobin & Tobin*, for Respondent.

We submit, that the amendment of 1874 has no application to this case, because no claim can be barred under it without a notice to creditors.   The notice referred to is one to be given after the law was enacted, a future notice.   The repealing clause of this act provides, that "no  *  *  *  proceedings taken under the provisions repealed shall be  *  *  *  in any manner affected," and the same Code (§ 3) also contains the provision, that "no part of it is retroactive unless expressly so declared." (*The United States* v. *Heth*, 3 Cranch, 399; *Gates* v. *Salmon*, 28 Cal. 320; *Benner* v. *Phillips*, 98 Watts & S. 13; *Murray* v. *Gibson*, 15 How. 421; *Dickson* v. *C. B. & Q. R. R. Co.* 77 Ill. 331; *King* v. *Tirrell*, 2 Gray, 331, *Hildreth* v. *Marshall*, 7 id. 167; *Bigelow* v. *Bemis*, 2 Allen, 496.)

ROSS, J.:

The mortgage for the foreclosure of which this action was brought was executed in March, 1872, and was made payable three years after its date.   The mortgagor died in December, 1872.   Administration upon his estate was had.   Notice to creditors was published in February, 1873.   The claim in suit was never presented to the representative of the estate for allowance; but the plaintiff, in 1877, commenced the present action, and in the complaint expressly waived all recourse against any other property of the estate than that embraced in the mortgage.

According to the law in force at the time the mortgage was executed, presentation of all claims to the representative of the estate for allowance was necessary; but in January, 1873, it was provided by statute that a mortgage claim need not be presented where all recourse against all other than the mortgaged property is expressly waived in the complaint.   Such was the law at the time the notice here in question was given, and such it remained until July, 1874.   According to the law, therefore, under which the notice was given, the plaintiff was

not required to present its claim for allowance within the time mentioned in the notice, or at all. In July, 1874, however, the law was again changed, and the statute then made to read as follows:

"Sec. 1493. If a claim arising upon a contract heretofore made be not presented within the time limited in the notice, it is barred forever, except as follows: If it be not then due, or if it be contingent, it may be presented within one month after it becomes due or absolute, if it be made to appear by the affidavit of the claimant, to the satisfaction of the executor or administrator and the Probate Judge, that the claimant had no notice, as provided in this chapter, by reason of being out of the State, it may be presented any time before a decree of distribution is entered. A claim for a deficiency remaining unpaid after a sale of property of the estate mortgaged or pledged, must be presented within one month after such deficiency is ascertained. All claims arising upon contracts hereafter made, whether the same be due, not due, or contingent, must be presented within the time limited in the notice, and any claim not so presented is barred forever; provided, however, that when it is made to appear by the affidavit of the claimant, to the satisfaction of the executor or administrator and the Probate Judge, that the claimant had no notice, as provided in this chapter, by reason of being out of the State, it may be presented at any time before a decree of distribution is entered."

"Sec. 1500. No holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor or administrator."

Unless these sections are made by construction to retroact, we do not see what application they can have to the plaintiff's case. Not only is there nothing in the sections themselves to indicate an intention on the part of the Legislature to give them such effect, but section 3 of the same Code (Code Civ. Proc.) declares that "no part of it is retroactive unless expressly so declared."

To hold the plaintiff's claim barred by the statute would be to give an effect to the notice which it did not and could not have under the law under which it was published, and would

require us to give to § 1493, above quoted, a retroactive effect when there is nothing in the section itself demanding such construction, and when there are other sections of the same Code indicating that it should not be given. In our opinion, the judgment should be affirmed, and it is so ordered.

McKINSTRY, J., and THORNTON, J., concurred.

MYRICK, J., concurred in the judgment.

[MORRISON, C. J., not having heard the argument, took no part in the decision of this case.]

McKEE, J., dissenting:

I dissent. The action is against the executors of the estate of Ellen Jobson, deceased, to foreclose a mortgage given by her, in her lifetime, to secure payment of a promissory note made by her on the 2nd day of March, 1872, payable three years after date, and bearing interest from date until paid. The mortgagor died on or about the 20th day of December, 1872. Letters testamentary upon her estate were issued by the Probate Court of the City and County of San Francisco, to the defendants as executors; and on the 7th day of February, 1873, they duly qualified and entered upon the discharge of their duties, and have ever since continued to administer the estate. On the 21st day of February, 1873, the executors caused to be published according to law a notice to the creditors of said decedent, and all persons having claims against her estate, to present their claims to the executors for settlement and allowance, within the time prescribed by the law. Neither the mortgage in suit, nor the debt secured thereby, has ever been presented to the executors, or either of them. But, on the 15th day of February, 1877, this action was brought to foreclose the mortgage, and in the complaint in the action the plaintiff, by an express averment therein, waived all recourse to any property belonging to the estate other than the mortgage property itself. To this complaint the defendants demurred, and also answered, that, as the claim was never presented to the executors of the estate, it was " barred forever," and this action

of foreclosure is not maintainable. The question, therefore, with which we have to deal is, whether the mortgage debt had to be presented to the executors of the estate for allowance.

If the debt was a claim against the estate, which the plaintiff, as a creditor of the estate, was required by law to present, and the notice to creditors, which was published by the executors, includes or affects the plaintiff as a creditor of the estate, then presentation was necessary, unless the law afforded some other remedy for enforcing the claim against the estate, without presentation.

The word " claim," as it is used in the statute, is comprehensive enough to include all debts and rights of action—all demands which existed at the time of the death of the decedent, and which could be asserted at any time after her death against her estate in a court of justice. A mortgage debt, whether it be due at the death of the debtor, or becomes due thereafter, is one which may be asserted in a court of justice against the estate of the debtor; therefore, the mortgage debt under consideration was a claim against the estate of the deceased, and the holder thereof was a creditor of the estate. The notice required by law to creditors of the estate was addressed to the plaintiff, and as a creditor of the estate, the plaintiff was required to act with reference to its claim according to law.

The debtor, as already stated, died in December, 1872. The executors qualified in February, 1873, and publication of notice to creditors was commenced in February, 1873, and ended in December, 1873.

Before the 1st day of January, 1873, when the Codes went into effect, the law required all creditors of an estate to present their claims to the executors or administrators of the estate; that was the only mode known to the law for enforcing the collection of claims out of the assets of an estate. The time within which presentation was required to be made was fixed by § 131 of the old Probate Act. The section was as follows: " If a claim be not presented within ten months after the first publication, it shall be barred forever; provided, if it be not then due, or if it be contingent, it may be presented within ten months after it shall become due or absolute." If, after the

claim became due or absolute, the claimant failed or neglected to make presentation of it within the time prescribed by that law, all remedy to enforce it against the estate was gone ; for by § 135 of the same Probate Law it was distinctly declared, that "no holder of any claim against an estate shall maintain any action thereon, unless the claim shall have been first presented to the executor or administrator."

In the case of *Harp* v. *Calahan*, 46 Cal. 228, which, like the action in hand, was an action for the foreclosure of a mortgage to satisfy certain promissory notes which had not been presented to the executors of the estate of the mortgagor, as required by those sections of the Probate Law, the late Supreme Court held, that the action could not be maintained; and it was so decided in *Pitte* v. *Shipley*, 46 Cal. 154. If those sections had continued to be the law, there is no question that, under those decisions, presentation of the claim under consideration was necessary before suit could be maintained for foreclosure of the mortgage lien.   But the sections were repealed by §§ 1493 and 1500 of the Code of Civil Procedure.   By § 1493, it was enacted as follows: "If a claim is not presented within the time limited in the notice, it is barred forever, except as follows: If it is not then due, or if it is contingent, it may be presented within one month after it becomes due or absolute. When it is made to appear by the affidavit of the claimant, to the satisfaction of the executor or administrator and the Probate Judge, that the claimant had no notice as provided in this chapter, by reason of being out of the State, it may be presented any time before a decree of distribution is entered. A claim for a deficiency remaining unpaid after a sale of property of the estate mortgaged or pledged must be presented within one month after such deficiency is ascertained."   Practically, this enactment worked no change in the rule which required presentation of all claims against an estate.   By its provisions, all claims which were due had to be presented within ten months of the notice to creditors ; but as to claims which were contingent, or had not become due within the time limited in the notice, the time for presentation was fixed at one month after they became due or absolute, instead of ten months thereafter, as had been allowed by § 131 of the Probate Law.

The principal change was made by § 1500 of the Code of Civil Procedure, which was enacted in the place of § 136 of the Probate Law. The rule of § 136, which declared that " no holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor or administrator," was still retained; but an exception to it was made in favor of a mortgage or other lien upon property of the estate. A right of action to foreclose the lien, without presentation of the claim which the lien was made to secure, was given to the holder, where recourse against any other property of the estate was waived. This made the holder of such a claim a preferred creditor of the estate, to the extent of the lien which he had upon the property of the estate; and the claim secured by the lien was exceptional to other claims against the estate, only so far as the new remedy created by the law. But the law which created this remedy did not interfere with any other remedy belonging to creditors of the estate. Lien-holding creditors had, in fact, under the law, two remedies for the enforcement of their claims. One was a right of action by presentation, according to law, under the notice given to creditors; the other, a right of action to foreclose a lien without presentation of the claim secured by the lien. The one was affected by the notice given to creditors of the estate; the other was not. One had to be resorted to within the time prescribed by the statute for presentation; the other could be availed of during the existence of the law which conferred it at any time after the debt became due, and before it was barred by the general Statute of Limitation.

But the right to a particular remedy is not a vested right. It depends upon a continuance of the law which creates it, and the law is subject at all times to the will of the Legislature. (*Ogden* v. *Saunders*, 12 Wheat. 276; *Stoddart* v. *Smith*, 5 Binn. 355; *Tuolumne Redemption Company* v. *Sedgwick*, 15 Cal. 575; *Hinckle* v. *Riffert*, 6 Barr. 196.) If it be repealed, the right no longer exists, unless it has been expressly reserved by the repealing statute, or has been perfected by steps taken under the law while it existed. Now, the Act of 1873, which gave the remedy by action of foreclosure, was repealed by an amendment to § 1500 of the Code of Civil Procedure, which took effect on

the 1st day of July, 1874. On and after that date, the law, so far as it gave to the holder of a mortgage claim against an estate the right to foreclose the mortgage without presentation, was as though it had never existed, except as to past actions which may have been commenced under it ; and such claimants were left to enforce their claims against the estate by remedies known to the existing law. In place of the law repealed, the former rule was reinstated : " That no holder of any claim against an estate shall maintain *any action* thereon unless the claim is first presented to the executor or administrator." This existing law was applicable to the claim in controversy, unless the plaintiff was, by the repealing law, deprived of all remedy for its enforcement. But while § 1500 was repealed, § 1493 was left unrepealed and unaltered, except as to a mere matter of phraseology in relation to claims arising upon contracts which did not become due, or were contingent, during the time limited in the notice to creditors. The phrases, " if it is not then due, or if it is contingent," which occur in the section as it was adopted on the 1st day of January, 1873, were changed to, " if it be not then due, or if it be contingent." This mere change of phraseology wrought no distinct change in the law, for the substituted phrases do not import an intention to change the law in any other respect, so far as the presentation of claims was concerned. (*Yates' Case*, 4 Johns. 359 ; *Taylor* v. *Delaney*, 2 Caines Cas. in Error, 143.)

Section 1493, as supervised and adopted by the Legislature in 1874, being substantially the same that it was from the 1st day of January, 1873, as to contracts theretofore made, and the remedy of foreclosure of a mortgage lien without presentation being abolished by law, the position of the plaintiff under the law as it existed on the 1st day of July, 1874, was, what it had always been, that of a resident creditor of the State, with notice of the publication of notice to creditors, having a claim arising out of a contract which had been made on the 2nd day of March, 1872. The contract was, therefore, made before § 1493 was adopted or revised ; and the claim which arose out of it was, by the very terms of the statute, included within the provisions of the statute, and affected by the notice to creditors. The contract, according to its terms, did not become due within the ten

months of the notice. So that the claim arising out of it was not a claim which the holder was required to present within ten months of the notice. It was a claim which did not become due within that time, and for its presentation the statute provided a different time. The claim of the plaintiff was, therefore, one of those claims against the estate which were an exception to the time for presentation to the executors; but an exception to the time prescribed for presentation does not interfere with or destroy the rule of the statute which requires presentation to be made within statutory time for the enforcement of the claim. To that rule there was no exception, except in the case of nonresident creditors of the estate, who had had no notice of the publication of notice to creditors. But the plaintiff did not come within that exception, because it was a resident creditor and had notice, therefore the claim was affected by the notice.

No question is made as to the legality of the notice. Its publication was fully completed and ended, and it was valid and binding, as part of the proceedings of administration of the estate, upon all claimants who had notice of it. But it is urged, that the notice could not affect the plaintiff's claim, because at the time it was given the law allowed the holder of such a claim another remedy, and during that time the plaintiff was not compelled to resort to any other remedy; therefore, it is claimed that the notice could not affect the claim, and the legislation of 1874 could not retroact so as to give it any effect.

The Act of 1874 did not act in any way upon the notice to creditors. The notice was a necessary step in the administration of the estate, required by law for the purpose of notifying creditors of the estate to avail themselves of the remedy given by law, for the enforcement of their claims against the estate, within the time prescribed by the law. When the notice was fully completed and ended, it had discharged its office, and no subsequent legislation could validate or invalidate it, so as to affect any rights which the estate or creditors of the estate may have acquired under it. The Act of 1874 did not attempt to do so. It was not retroactive, except as to remedy; but retroactive legislation is competent to affect remedy. The act simply abolished a particular remedy. In doing that, it did not divest the plaintiff of any *vested right* which had been acquired

under the repealed law. No rights acquired or proceedings taken under the provisions of a repealed law could be impaired by the repeal. (§ 2,104 Code Civ. Proc.) But no proceedings had been commenced or were taken by the plaintiff before the remedy by foreclosure was abolished; none could have been, for the claim was not due until 1875; and no vested right in the contract, out of which the claim rose, was in any way affected or impaired; for although a particular remedy was taken away, a substantial remedy, affected by the notice to creditors, was left to plaintiff. That remedy always existed, and was always available until barred by the statute. It was not even necessary for the plaintiff to delay presentation until the claim became due. In *Ricketson* v. *Richardson*, 19 Cal. 354, the Court says: "The statute does not require a presentation to be postponed until after publication of the notice by executors. The holder may anticipate such publication." And in *Field* v. *Field*, 77 N. Y. 294, the Court of Appeals of New York says: "Claims against an estate may be presented any time after the executors qualify and enter on the discharge of their duties; and their decision thereon, before publication of notice, has the same effect as if made after publication."

Both before and after the plaintiff's claim became due, the remedy of foreclosure, without presentation, did *not* exist, except as to the time between January 1st, 1873, and July 1st, 1874. Before and after the claim became due, the remedy by presentation *did* exist, and it was a remedy affected by the notice of creditors; for as a claim against the estate, it was held by the plaintiff as a resident creditor of the estate. As a remedy, it was complete for the enforcement of the claim against the estate; for the allowance of the claim by the executors would have resulted in a quasi-judgment in favor of the claimant, which, when ordered to be paid by the Probate Court, would ripen into a final judgment. Thus, the creditor of an estate not only secures payment of his claim out of the assets in the hands of the executor or the administrator, but, if his claim is secured by a mortgage or other lien upon any of the assets of the estate, he keeps alive the remedy upon the claim, and so upholds the remedy to foreclose the lien. (*Fallon* v. *Butler.* 21 Cal. 24; *Willis* v. *Farley*, 24 id. 490.)

If a creditor who has had notice fails to avail himself of this remedy, when none other exists, within the time allowed by law for that purpose, his claim becomes, in the language of the existing law, " forever barred," and he cannot maintain any action thereon.

For these reasons, I think the judgment should be reversed.

SHARPSTEIN, J., concurred in the dissenting opinion of Mr. Justice McKEE.