JUDITH BOND WHITCRAFT, Plaintiff and Appellant, v. STANLEY SEMENZA, JOHN WALDEN, A. J. GEHL-HAUSEN and DREW LUMBER COMPANY, Defendants and Respondents.

No. 10862

Submitted February 15, 1965. Decided March 5, 1965.

399 P.2d 757.

Fremont W. Wilson, Missoula, for appellant.

Garlington, Lohn & Robinson, Missoula, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by plaintiff from a judgment entered in the district court of Missoula County, dismissing her complaint.

It appears that plaintiff filed her complaint against the defendants on October 21, 1960, summons was issued on the same day and returned unserved on March 5, 1962. Alias summons was issued on February 18, 1964, and service effected on defendant Semenza on May 26, 1964. Another alias summons was issued on May 29, 1964, and service effected on defendant Gehlhausen on June 9, 1964.

On June 29, 1964, certain defendants filed consolidated motions to dismiss plaintiff's complaint, alleging the court lacked jurisdiction over their persons as a matter of law; the pleadings on file indicated insufficiency of process, as well as insufficiency of service, and that the complaint did not state a claim upon which relief could be granted.

It was the contention of defendants that since summons had not been served within three years as required by former section 93-4705, R.C.M.1947, and by Rule 41(e), M.R.Civ.P., the complaint should be dismissed. Plaintiff contended that the statute of limitations, section 93-2702, R.C.M.1947, should apply so as to excuse non-service of summons because defendant Semenza had been out of the state during part of the three years.

The court found as a matter of law that Rule 41(e) was binding and controlling and judgment of dismissal was entered.

Plaintiff specifies that the court erred in making such a determination with respect to Rule 41(e) and in entering its judgment of dismissal.

■ With respect to Rule 41(e) plaintiff contends it is a statute of limitation and cannot be raised by motion but must be pleaded in the responsive pleading. Rule 12(b) on the contrary provides that the defense of "(2) lack of jurisdiction over the person, (3) insufficiency of process, (4) insufficiency of service of process," may at the option of the pleader be made by motion. We so ruled in State ex rel. Baldwin v. Fourteenth Judicial District Court, 142 Mont. 64, 381 P.2d 473. There is no merit to this specification.

As to the contention that the court erred in dismissing the action, plaintiff grounds her argument on the fact that there was a hiatus in time between the repeal of section 93-4705, R.C.M.1947, effective on January 1, 1962, and the effective date of Rule 41(e), being July 1, 1963, and insists that she had until three years after the effective date of the Rule in which to serve the summons.

Section 93-4705, R.C.M.1947, was practically identical with Rule 41(e), the difference not being material to our discussion here, and was the law of Montana for over 65 years, until its repeal at the time of the adoption of the new Rules. It was inserted in the Rules at the next session of the Legislature in 1963.

While sub-section (e) of Rule 41 is not carried in the Federal Rules, after which ours are patterned, sub-section (b) of both our Rule and the Federal Rule commences: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." Some federal courts have held that failure to make service of process within a reasonable time may amount to want of prosecution. We do not, however, ground our ruling here upon that authority.

■■ It must be borne in mind that the Rule is nothing more than a rule of procedure, designed to encourage promptness in the prosecution of actions. Dismissal thereunder is not based upon the absence of a claim, nor upon any defect in the

substantive right, nor is the Rule a statute of limitation barring the claim after lapse of the specified time. While an action may be dismissed the claim remains. An order of dismissal is not res judicata, it does not constitute a bar to another suit on the same claim. It is a fundamental rule that a judgment is not res judicata unless it is on the merits, and a dismissal under the Rule is not.

Rule 41(e) reads:

*"No action heretofore* or hereafter *commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore* or hereafter *commenced shall be dismissed by the court* in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, *unless summons shall have been served and return made within three years after the commencement of said action,* or unless appearance has been made by the defendant or defendants therein within said three years." (Emphasis ours.)

■ The wording of the Rule clearly indicates that it applies to all actions then pending or thereafter commenced. Plaintiff insists that the Rule cannot be applied to actions then pending because it would be a retrospective application thereof, and insists that under the doctrine set forth in Gillette v. Hibbard, 3 Mont. 412, that a new statute of limitations gives a new lease on life to a cause of action included therein whose period of limitation had not already expired.

From what has been heretofore stated there exists a difference between a statute of limitation which under Rule 8(c) must be affirmatively pleaded as a defense and a dismissal under Rule 41 which can be raised by a motion under Rule 12.

The doctrine set forth in Gillette, supra, was questioned in Guiterman v. Wishon, 21 Mont. 458, 463, 54 P. 566, 568, and our court there held with respect to a new statute of limitations which reduced the previous period for bringing an action, in these words:

"* * * The former statute having commenced to run, the new law diminished the time, and, if the legislature has not directly specified what is a reasonable time to be allowed in which to bring suit, it devolves upon the court to apply the law so as not to deprive one of a reasonable time to sue on his demand, and to require that action be commenced within such reasonable time, or be barred."

In In re Colbert's Estate, 44 Mont. 259, 268, 119 P. 791, 793, the court stated:

"The Legislature may make them applicable even to vested rights, provided only it accords to the citizen a reasonable time in which his right may be enforced."

Again, in Western Holding Co. v. Northwestern Land & Loan Co., 113 Mont. 24, 34, 120 P.2d 557, 561, the court stated: "While the legislature may establish a limitation applying to a cause of action as to which none existed before, and may change existing statutes and shorten the period of limitation, always in any such legislation provision must be made allowing a reasonable time for actions to be brought that otherwise would be instantly barred. [Citing cases.]

"And, as stated in 17 R.C.L. 677: 'When the legislature makes the time so short that the right to sue is practically denied, courts will declare such time unreasonable, but they cannot go further and fix a different time; neither can they, if the legislature fails to fix any time, supply this legislative lapse'."

Montana is not alone in this view, in California, in Steinbauer v. Bondesen, 125 Cal.App. 419, 14 P.2d 106, that court quoting from Kerckhoff-Cuzner Mill & Lbr. Co. v. Olmstead, 85 Cal. 80, 24 P. 648, stated: " 'We do not think that the amendment, when applied to the case in hand, is retroactive in effect. It is true it shortened the time which the respondent would otherwise have had to file its claim, and thus seek its remedy. But the authorities are numerous to the effect that a change of remedy, or in the time within which it must be

sought, does not impair the obligation of a contract, provided an adequate and available remedy be left. Thus it has been held that an enactment reducing the time prescribed by the statute of limitations in force when the right of action accrued is not unconstitutional, provided a reasonable time be given for the commencement of an action before the bar takes effect. Terry v. Anderson, 95 U.S. 628 (24 L.Ed. 365). In that case the court, by Waite, C.J., said: "The parties to a contract have no more a vested interest in a particular limitation which has been fixed than they have in an unrestricted right to sue. They have no more a vested interest in the time for the commencement of an action than they have in the form of the action to be commenced; and as to the forms of action or modes of remedy, it is well settled that the legislature may change them at its discretion, provided adequate means of enforcing the right remain." And see Scarborough v. Dugan, 10 Cal. 305; Hibernia S. & L. Soc. v. Hayes, 56 Cal. 297; People v. Campbell, 59 Cal. 243 [43 Am.Rep. 257].'"

This opinion was approved in Cook v. Justice's Court, 16 Cal.App.2d 745, 61 P.2d 357.

This being the law, even assuming arguendo that the Rule was construed to be a statute of limitations it would apply to pending actions so long as a reasonable time was allowed to comply with the amendment.

Rule 41(e) became effective July 1, 1963, though it was passed by the Legislature and approved by the Governor on March 1, 1963. During April of 1963, twenty-six seminars were held by justices of this court in Montana to acquaint all lawyers with the changes in the Rules made by the 1963 Legislative Assembly, and mimeographed copies of all changes were prepared by the court and distributed in a form whereby amendments could be inserted in the printed copy of the Rules for immediate reference. Special attention was paid at every seminar to the addition to Rule 41 of sub-section (e). In our view not only was a reasonable time allowed before the effect-

ive date of the change, but the information was widely distributed so that every attorney in the state would be informed.

The court did not err in entering its order of dismissal and the judgment is affirmed.

MR. JUSTICES JOHN CONWAY HARRISON, DOYLE, ADAIR and CASTLES concur.