No. 12214

IN THE SUPREME COURT OF THE STATE OF MONTANA

STATE OF MONTANA ex rel. EQUITY SUPPLY COMPANY,

Petitioner,

-vs-

THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF
THE STATE OF MONTANA, in and for the County of Flathead
and the Honorable Robert S. Keller, a Judge thereof,

Respondents.

ORIGINAL PROCEEDING:

Counsel of Record

For Petitioner:
Korn,Warden,Walterskirchen & Christiansen,Kalispell
Merritt Warden argued, Kalispell, Montana.

For Respondents:
McGarvey, Morrison and Hedman, Whitefish, Montana.
Frank B Morrison argued, Whitefish, Montana.

Submitted: February 25, 1972

Decided: MAR 9 - 1972

Filed: MAR 9 - 1972

_Thomas J. Kearney_
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an original proceeding in which relator Equity Supply Company seeks a writ of supervisory control directed to the district court of the eleventh judicial district, Flathead County, Hon. Robert S. Keller presiding.

Relator is one of the defendants named in Cause No. 21,801 in Flathead County filed March 22, 1971, entitled Edward Pagel and Leona Pagel, Plaintiffs vs. Phillip Barr and Equity Supply Company, Defendants, wherein plaintiffs seek damages for personal injuries arising out of a motor vehicle collision on January 31, 1964, in Lincoln County. Defendant, Phillip Barr, has never been served with process and has not appeared in the action. Barr was allegedly the driver of a motor vehicle owned by Equity Supply Company.

A prior identical action, Cause No. 18,685 in the same court in Flathead County, was filed on January 27, 1967. No summons was issued on the complaint in that action. On March 3, 1969, an amended complaint was filed seeking identical damages. On that date summons was issued and served on the defendant, relator herein, on March 4, 1969, over five years after the accident.

On April 3, 1969, defendant Equity Supply Company appeared by motion to quash summons and to dismiss the action, pursuant to Rule 41(e), M.R.Civ.P. Briefs were filed and on March 15, 1971, the presiding judge granted the motion for the reason that summons was not issued within one year of the date of commencement of the action. The district judge wrote the following memorandum with his order:

"Section 93-4705(7), RCM, 1947, specifically provided for the dismissal of actions wherein summons had not been issued within one year. This statute was repealed in 1961, concurrently with the adoption of the Rules of Civil Procedure. Rule 41(e), which has no counterpart in the Federal Rules, was adopted in 1963, and it provided that unless summons shall have been served and return made within three years after commencement of the action, the action should be dismissed. Rule 41(e) was again amended in 1965, but the 1963 rule came out of the old Section 93-4705. That statute not only provided for a dismissal if summons had not been issued within one year, but it also provided for a dismissal if service and return of summons had not been made within three years, as Rule 41(e), in its 1963 version attempted to state. Rule 41(e), as amended in 1965, is, for the part that is relevant to this motion, taken almost directly from Section 93-4705.

"Section 93-3002, RCM, 1947, specifically provided that plaintiff may have summons issued within one year after the filing of the complaint. This statute was not repealed when the rules were adopted and in fact has never been repealed as such, but was superseded by Rule 41(e) as amended by Supreme Court Order 10750. Rule 41(e), in its 1963 version, was amended to its present version by Supreme Court Order 10750, i.e., the present Rule 41(e) supersedes Section 93-3002, and based upon the commission note to the 1965 amendment, it also incorporates Section 93-4705(7), RCM, 1947, now repealed.

"It is now clear that all actions now commenced shall be dismissed by the Court:

"1.  Unless summons shall have been issued within one year, or,

"2.  Unless summons issued within one year shall have been served and return made and filed with the Clerk within three years after the commencement of the action, or,

"3.  Unless appearance has been made by the defendant therein within said three years.

"The complaint in this action was filed on January 27, 1967, and if a summons were then issued, it has not been returned, insofar as the file reflects. An amended complaint was filed on March 3, 1969, and a summons was then issued on the amended complaint. This was improper. No summons can issue within one year after the filing of the complaint, and the amended complaint would relate back to the date of the filing of the original complaint."

During the seven year period, different counsel appeared both as to the original complaint and the amended complaint. Following the dismissal of Cause 18,685 on March 15, 1971, another new counsel appeared and on March 22, 1971, a complaint was filed as a new action, but identical in all ways to the previously dismissed action. After service of process on relator as one of the defendants, relator filed its answer setting forth as affirmative defenses section 93-2605, R.C.M. 1947, (the three year statute of limitations), and res judicata by reason of the dismissal of Cause No. 18,685. At the same time, relator filed a motion for summary judgment as to the issue of liability by reason of the affirmative defenses.

On January 12, 1972, Judge Keller denied the motion for summary judgment. Again, as in the previous case, Judge Keller wrote a memorandum:

> "Whitcraft vs. Semenza, 1965, 145 Mont. 94, 97, 399 Pac 2d. 757, is a case directly in point, and it clearly holds that a dismissal under the provisions of Rule 41(e) is not res judicata, does not constitute a bar to another suit on the same claim, and is not a dismissal upon the merits.
>
> "Plaintiff relies upon the provisions of Section 93-2708, RCM, 1947, to avoid the statute of limitations, which ordinarily would have run in this case. Defendant takes the position that that statute is not applicable in this case since the previous dismissal of this case under the provisions of Rule 41(e) constituted a dismissal of the complaint for neglect to prosecute the action. Cited cases, and legal authorities, are divided on the question of whether or not the failure to issue summons is a neglect to prosecute the action. Suffice it to say that Rule 41(b) provides that a failure to prosecute the action operates as an adjudication upon the merits, and then provides for Rule 41(e) which is a dismissal for failure to serve a summons, i.e., the latter cannot be a neglect to prosecute the action."

The two memorandums of the trial judge actually set forth the problem presented here. This Court granted an ex parte alternative order to show cause. Return was made, briefs filed and the matter fully argued.

- 4 -

Relator's position is that the dismissal of Cause No. 18,685 under Rule 41(e), M.R.Civ.P., for failure to have summons issued within one year constituted "a dismissal of the complaint for neglect to prosecute the action" and therefore plaintiffs were not entitled to the extension of limitations provided for in section 93-2708, R.C.M. 1947. This being the case, relator reasons, the three year statute of limitations provided for in section 93-2605, R.C.M. 1947, is applicable to Cause No. 21,801 and the motion for summary judgment should have been granted. Relator also urges that the effect of the dismissal of Cause No. 18,685 for failure to have the summons issued within one year was a dismissal for failure to prosecute and operates as an adjudication upon the merits and is thus res judicata.

Plaintiffs below rely on section 93-2708, R.C.M. 1947, which provides:

> "<u>Provision where judgment has been reversed</u>. If
> an action is commenced within the time limited
> therefor, and a judgment therein is reversed on
> appeal, without awarding a new trial, or the
> action is terminated in any other manner than by
> a voluntary discontinuance, a dismissal of the
> complaint for neglect to prosecute the action,
> or a final judgment upon the merits, the plaintiff,
> or, if he dies, and the cause of action survives,
> his representative, may commence a new action for
> the same cause, after the expiration of the time
> so limited, and within one year after such a
> reversal or termination."

Plaintiffs argue that section 93-2708 is a "saving statute" enabling plaintiffs to refile even though the statute of limitations had run and the first case had been dismissed for failure to have a summons issued within one year. Plaintiffs go on to argue that the only way a dismissal under Rule 41(e), M.R.Civ.P., could be an adjudication upon the merits would be if Rule 41(e) is contemplated in the language of Rule 41(b) as a "failure to prosecute".

As noted in the second memorandum of Judge Keller, the case of Whitcraft v. Semenza, 145 Mont. 94, 96, 399 P.2d 757, contains language concerned here. Also, as noted in Judge Keller's memorandums, the history of Rule 41, M.R.Civ.P., is involved. In State ex rel. Baldwin v. District Court, 142 Mont. 64, 68, 381 P.2d 473, decided in 1963 prior to the amendment in 1965 of Rule 41(e), this Court held that where a summons issued on May 23, 1958, but/not served until December 20, 1962, section 93-4705, R.C.M. 1947, operated so as to place a limitation of three years on service of summons for all purposes.

In a somewhat parallel situation as here involved, the Court in Baldwin said:

> "The affidavit filed by the plaintiff adminis-
> trator in the district court indicates changes
> of counsel and apparent lack of diligence in
> effecting the service by counsel. These matters
> are unfortunate, particularly here where the
> statute of limitations has run against the claim
> for relief, but there are two sides in all litiga-
> tion. Here the wreck occurred December 17, 1956.
> On December 20, 1962, the defendant was served with
> process calling upon him to defend an action for
> damages which had occurred six years and three days
> previously. Such delay in prosecution should not
> be tolerated, and is not under our law. Whether
> or not actions of counsel selected by the plaintiff-
> administrator can be excused or condoned is not
> before us in this proceeding."

Following Baldwin, Whitcraft was decided on March 5, 1965. Rule 41(e) was amended thereafter and the Commission note reads as follows:

> "This clarifies and brings together the laches
> provisions with respect to issuance and service
> of summons. At present Rules 4 C(1), 41(e),
> Section 93-3002, R.C.M. 1947, and Rule 12(b)
> all need to be referred to. This amendment in-
> corporates the laches provision of Section 93-
> 4705(7), R.C.M. 1947, which was repealed by
> Chapter 13 of the 1961 Session Laws.

"This amendment renders Section 93-3002, R.C.M. 1947, unnecessary, and that section superseded and added to Tables B and C."

In Whitcraft the Court held that the raising of failure to serve summons within three years after issuance could be by motion rather than pleaded; and that the failure to serve the summons within three years could be raised as a bar even though section 93-4705, R.C.M. 1947, had been repealed; and even though Rule 41(e) had not been adopted to cover the situation presented. In Whitcraft the following language appears:

"It must be borne in mind that the Rule is nothing more than a rule of procedure, designed to encourage promptness in the prosecution of actions. Dismissal thereunder is not based upon the absence of a claim, nor upon any defect in the substantive right, nor is the Rule a statute of limitation barring the claim after lapse of the specified time. While an action may be dismissed the claim remains. An order of dismissal is not res judicata, it does not constitute a bar to another suit on the same claim. It is a fundamental rule that a judgment is not res judicata unless it is on the merits, and a dismissal under the Rule is not."

This language makes Judge Keller's feeling of obligation understandable. However, in the context in which it was used, as a prelude to the discussion of whether Rule 41(e) was then to be used retrospectively as contended by the appellant in Whitcraft, the language is limited to that context.

As Rule 41(e) is now written, an order of dismissal is a bar to another suit on the same claim, if, as here, the statute of limitations as well as the period provided for by the rule, have run. Section 93-2708, R.C.M. 1947, as quoted previously, has been limited to that extent by the application of Rule 41. As we said in the above quoted portion of Baldwin, such delay in prosecution should not be tolerated, and is not under our law.

- 7 -

Rule 41(e) is explicit and incorporates the laches provisions previously contained in section 93-4705(7), R.C.M. 1947. Any other interpretation would make Rule 41, M.R.Civ.P., and its subdivisions meaningless and they would simply become technical defects which could be endlessly corrected upon being called to the attention of the Court.

Having found that section 93-2708, R.C.M. 1947, does not operate to save a claim where the failure to have summons issued within the statutory period of limitations has occurred, it then follows that the order of the district court should be reversed and the case dismissed.

It is so ordered.

_____
                Associate Justice

We Concur:

_____
Chief Justice

_____

_____
Associate Justices.

- 8 -

Mr. Justice Frank I. Haswell, specially concurring.

I concur in the result reached by the majority, but disagree with its interpretation of Rule 41(e), M.R.Civ.P.

The majority holds that an order of dismissal is a bar to another suit by the same parties on the same claim only if the statute of limitations, as well as the period provided in Rule 41(e), has run. In my view, a dismissal under Rule 41(e) operates independently of any statute of limitations, and a dismissal thereunder for failure to have a summons issued within one year bars a subsequent action between the same parties on the same claim.

The operative words of Rule 41(e) that are pertinent here provide:

"* * * all actions heretofore or hereafter
commenced shall be dismissed by the court
in which the same shall have been commenced
* * * unless summons shall have been issued
within one year * * *."

The purpose of this Rule is not only to promote diligent prosecution of claims once suit has been filed thereon, <u>but</u> <u>also to bar further prosecution of lached lawsuits.</u> The Commission Note to amended Rule 41(e) makes this clear in the following language, quoted in part as follows:

"This clarifies and brings together the <u>laches</u>
<u>provisions with respect to issuance and service</u>
<u>of summons</u> * * *. This amendment incorporates
the <u>laches</u> provisions of Section 93-4705(7),R.C.M.
1947, which was repealed by Chapter 13 of the
1961 Session Laws * * *." (Emphasis added)

This purpose is completely defeated by interpreting Rule 41(e), M.R.Civ.P., to permit a subsequent refiling of a lached lawsuit previously dismissed so long as the statute of limitations has not expired. Accordingly, I would directly overrule the language quoted in the majority opinion from

- 9 -

Whitcraft v. Semenza, 145 Mont. 94, 399 P.2d 757, decided prior to the amendment of Rule 41(e), which I believe to be at variance with the purpose and express language of amended Rule 41(e), M.R.Civ.P.

On the foregoing basis, I would hold that Judge Keller's order of March 15, 1971, dismissing the original suit for failure to have summons issued within one year ended further prosecution of the same claim irrespective of the statute of limitations.

_____
Associate Justice.