William Randy **LEHTONEN**, Plaintiff,

v.

E. I. **DuPONT DeNEMOURS & CO.,**
**INC., et al., Defendants.**

No. CV 74–42–BU.

United States District Court,
D. Montana,
Butte Division.

Feb. 11, 1975.

**634**

Jerome Edelman, Melvin Block, Brooklyn, N. Y., Holland & Haxby, Butte, Mont., for plaintiff.

Poore, McKenzie, Roth, Robischon & Robinson, Henningsen, Purcell & Genzberger, Butte, Mont., for defendants.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

█ This action was initially filed as a diversity case in the United States District Court for the Eastern District of New York, and it was thereafter transferred to this court. *See* Chance v. DuPont DeNemours & Co., 371 F.Supp. 439 (E.D.N.Y.1974). The complaint seeks damages for personal injuries sustained by the plaintiff as a result of the explosion of a blasting cap on May 6,

1956, in Butte, Montana. The defendants have filed motions to dismiss, claiming the action is barred by limitations. I have considered evidence dehors the complaint, i. e., the birth certificate of plaintiff and the deposition of plaintiff, and treat the motions to dismiss as motions for summary judgment.

█ The case in this court is to be decided on the law which would have governed it had it been decided in the Eastern District of New York. The substantive law of Montana governs because the New York court chose the substantive law of Montana in resolving the conflict of laws problem. *See* H. L. Green Co. v. MacMahon, 312 F.2d 650 (2d Cir. 1962), cert. denied, 372 U.S. 928, 83 S.Ct. 876, 9 L.Ed.2d 736 (1963). The procedural law governing is the law of New York (VanDusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); Headrick v. Atchison, 182 F.2d 305 (10th Cir. 1950)), but by virtue of the law of New York[1] the case is barred in New York if barred by the law of Montana in Montana. Under the law of New York, a borrowed statute is borrowed with all of its accoutrements (Cellura v. Cellura, 24 A.D.2d 59, 263 N.Y.S.2d 843 (1965)), including tolling provisions and the interpretations given tolling provisions by the courts of the state from which the statute is borrowed.

The problem is simply stated: Would the case, if filed in Montana on January 2, 1970, have been barred? The cause of action accrued on May 6, 1956, the date of the injury. At that time, however, plaintiff was a minor and by virtue of R.C.M.1947 § 93–2703[2] the three-year limitation (R.C.M.1947 § 93–2605) was tolled until one year after

---

1. "An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply." McKinney's Consolidated Laws of New York, Book 7B, § 202 (1972).

2. "If a person entitled to bring an action . . . be, at the time the cause of action accrued . . . [w]ithin the age of majority . . . the time of such disability is not a part of the time limited in sections 93–2401 to 93–2720 for commencing the action; except that the time so limited cannot be extended more than five years by any such disability, except infancy; or, in any case, more than one year after the disability ceases."

plaintiff became 21 years of age, which was July 31, 1968. The Montana statute had run on January 2, 1970, the day upon which the case was filed, unless it was further tolled by R.C.M.1947 § 93–2708.[3]

 It appears that on March 14, 1969, within the statutory period, an action was filed on behalf of plaintiff in the District Court for the Eastern District of·New York. That action was ordered dismissed (*see* Hall v. DuPont DeNemours & Co., 312 F.Supp. 358 (E. D.N.Y.1970)) on April 7, 1970, unless plaintiff should within 30 days file an amended complaint. None was filed and the action was dismissed on May 11, 1970. The Supreme Court of Montana, in the case of State ex rel. Equity Supply Co. v. District Court, 159 Mont. 34, 494 P.2d 911 (1972), held that a dismissal resulting from a failure to procure the issuance of a summons within a period provided by Mont.R.Civ.P. 41(e), does not result in an extension of time under R.C.M.1947 § 93–2708. I take this to mean that, when a plaintiff fails to do some act which would save a case from a dismissal and as a consequence suffers a dismissal, such is either a voluntary dismissal or a dismissal for failure to prosecute within the meaning of R.C.M.1947 § 93–2708.

Since, under the law of Montana as determined by the Montana Supreme Court, this action was barred at the time it was filed, it was barred by the law of New York and consequently is barred by the law which this court must apply.

The motions to dismiss, treated as motions for summary judgment are granted, and the plaintiff is denied all relief as to all defendants.

Let judgment be entered accordingly.

---

**3.** "If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal, without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies, and the cause of action survives, his representative, may commence a new action for the same cause, after the expiration of the time so limited, and within one year after such a reversal or termination."