No.   95-121

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

FIRST CALL, INC.,

      Plaintiff/Respondent.

=V=



CAPITAL ANSWERING SERVICE, INC.,

      Defendant/Appellant,

FILED
JUN 1 5 1995
*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Dorothy McCarter, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

            James T. Harrison, Jr., Harrison, Leondorf & Poston,
Helena, Montana

      For Respondent:

            R.J. Sewell, Jr., Bruce M. Spencer, Smith Law Firm,
Helena, Montana


Submitted on Briefs:   May 19, 1995

Decided:   June 15, 1995

Filed:

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Capital Answering Service, Inc., (Capital Answering), appeals from an order of the First Judicial District Court, Lewis & Clark County, dismissing the complaint of First Call, Inc., (First Call) without prejudice. We reverse and remand for further proceedings consistent with this opinion.

The issue on appeal is whether a dismissal pursuant to Rule 41(e), M.R.Civ.P., should be with prejudice and, thus, accorded res judicata effect.

First Call filed an action for breach of contract against Capital Answering in the District Court, Lewis & Clark County on September 9, 1991, as Cause No. ADV 91-1480, and a summons was issued the same date. That summons, however, was not served within the three year period specified in Rule 41(e), M.R.Civ.P. An amended summons was issued August 30, 1994, and was served on September 13, 1994, prior to the running of the statute of limitations on First Call's cause of action. Capital Answering moved to dismiss on the basis of Rule 41(e), M.R.Civ.P., and in an order dated November 9, 1994, the District Court granted Capital Answering's motion, dismissing First Call's complaint. The court's dismissal was, however, without prejudice. Capital Answering timely appealed, contending that the dismissal should have been with prejudice.

The District Court based its determination to dismiss First Call's complaint without prejudice on our decision in Whitcraft v. Semenza (1965), 145 Mont. 94, 399 P.2d 757, and cited the following

2

language from our opinion:

> It must be borne in mind that the Rule is nothing more than a rule of procedure, designed to encourage promptness in the prosecution of actions. Dismissal thereunder is not based upon the absence of a claim, nor upon any defect in the substantive right, nor is the Rule a statute of limitation barring the claim after lapse of the specified time. While an action may be dismissed the claim remains. An order of dismissal is not res judicata, it does not constitute a bar to another suit on the same claim.

Whitcraft, 399 P.2d at 759.

Our review of the District Court's conclusions of law is plenary. We simply determine whether the court's interpretation of the law is correct. Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.

Rule 41(e), M.R.Civ.P. provides, in pertinent part:

> **Failure to serve summons.** No action heretofore or hereafter commenced shall be further prosecuted as to any defendant who has not appeared in the action or been served in the action as herein provided within 3 years after the action has been commenced, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued within 1 year, or unless summons issued within one year shall have been served and filed with the clerk of the court within 3 years after the commencement of said action, or unless appearance has been made by the defendant or defendants therein within said 3 years. . . .

Here, it is undisputed that the District Court properly dismissed First Call's complaint because the summons was not served within the three years specified in the Rule. Rather, the issue is whether the trial court correctly dismissed First Call's complaint without prejudice, thus allowing First Call to file another

3

complaint on its claim, so long as the statute of limitations on that claim had not run.

Based upon our decision in Whitcraft, the District Court was compelled to rule as it did. Moreover, subsequent to Whitcraft, we again interpreted Rule 41(e), in a manner consistent with our decision in that case. In State ex rel. Equity Supply Co. v. District Court (1972), 159 Mont. 34, 494 P.2d 911, we stated:

> As Rule 41(e) is now written, an order of dismissal is a bar to another suit on the same claim, if, as here, the statute of limitations as well as the period provided for by the rule, have run.

Equity Supply, 494 P.2d at 914.

Both Whitcraft and Equity Supply contain discussions of the history of Rule 41(e) which we find unnecessary to reiterate here. Suffice it to say, that having carefully reconsidered our decisions in both of those cases, we now conclude that our interpretation of the clear and unambiguous language of the Rule was incorrect.

In his specially concurring opinion in Equity Supply, Chief Justice Haswell, concisely pointed up the fallacy inherent in this Court's opinions in that case and in Whitcraft:

> The operative words of Rule 41(e) that are pertinent here provide:
>
> > "* * * all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced * * * unless summons shall have been issued within one year * * *."
>
> The purpose of this Rule is not only to promote diligent prosecution of claims once suit has been filed thereon, *but also to bar further prosecution of lached lawsuits.* The Commission Note to amended Rule 41(e) makes this clear . . .

4

authorities cited in their briefs on appeal in support of and in opposition to our previous interpretations of Rule 41(e). Having done that, we, nevertheless, conclude that on the plain language of Rule 41(e), our prior interpretations of that Rule in Whitcraft and in Equity Supply were simply wrong. Necessarily, Whitcraft and Equity Supply are overruled.

We hold that dismissals under Rule 41(e), M.R.Civ.P. are dismissals with prejudice and must be given res judicata effect. Accordingly, we reverse the District Court's order dismissing First Call's complaint without prejudice and remand for entry of an order dismissing its complaint with prejudice.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices

6